[No. 20570. Department One. — June 12, 1890.]

THE PEOPLE, RESPONDENT, v. SALVATOR SAMARIO, APPELLANT.

DYING DECLARATION — SUFFICIENT SENSE OF DEATH. — Where a man spit a quantity of blood from a knife-wound in the abdomen, and his language showed that he was thereby impressed with a sense of impending death, his declaration as to the cause of his death is admissible as a dying declaration.

ID. — EVIDENCE — MOTION TO STRIKE OUT AFTER EVIDENCE IS ADMITTED WITHOUT OBJECTION. — If the defendant makes no objection to evidence when it is offered, but moves to strike it out after it is in, it is not error to deny the motion, although the evidence would have been excluded had objection to it been taken in season.

ARRAIGNMENT — INTERPRETER — RECORD. — The record of the arraignment need not show that an interpreter was appointed.

MATTER OCCURRING IN THE PRESENCE OF THE COURT. — Where a matter occurred in the presence of the court, it is presumably within its recollection, and its decision as to the fact will not ordinarily be disturbed.

PLEADING TO INFORMATION — STANDING MUTE. — If the defendant is in court, and is regularly arraigned, but stands mute, it is the duty of the court to have entered a plea of not guilty, and it does not vitiate the plea that his attorney said to the court that the plea was not guilty.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. R. Chase,* and *A. D. Splivalo,* for Appellant.·

*Attorney-General Johnson,* for Respondent.

HAYNE, C.—The appellant was convicted of manslaughter for the killing of one Antonio Ninuccio. Several points are made upon the appeal.

1. It is contended that the evidence is insufficient to sustain the verdict.

It is not disputed that the defendant stabbed the deceased; and the uncontradicted evidence is, that the latter died from the effects of the wound within two days after receiving it. It is argued, however, that the defendant

acted in self-defense.   But if the evidence of Donati and
Coppola is to be believed, he did not act in self-defense.
And whether they were to be believed or not was a ques-
tion for the jury.

2. It is urged that it was error to admit the dying
declarations of the deceased, because, as is said, it was
not shown that he was under a sense of impending death.

One of the witnesses, to whom the declaration was made,
testified as follows: "At about eleven o'clock at night,
or a little after, as this man, all the time spitting blood,
—at one time he had a mouthful of blood and couldn't
throw the blood away from him, and it went all over his
face and chin and then on his breast.   I, of course, took
a towel to clean the blood from him, and the blood was
going all over his face, and I cleaned it the best I could.
Finally there was a little blood left on his eye, and he
said: 'Clean there, by my eye.'   While I was cleaning
that he grabbed the towel that was in my hand and
looked at it, and he said: 'Oh, my countryman, I am
dead.   That ain't spit I am spitting; that is blood I am
spitting.   Oh, I am going to die.' . . . . When he said
that, I said: 'Keep up your courage; you are not going
to die; to-morrow, perhaps, you will get up.'   His an-
swer to me was: 'O no! I am going to die, but you can
say I die an innocent man.'"   There was nothing to in-
dicate a revival of hope, and we think that the declara-
tion was properly admitted.

It is argued, however, that part of what the deceased
said did not relate to the circumstances of the killing,
but to prior occurrences.   But there was no objection to
the admission of the evidence.   The defendant waited
until the evidence was in, and then moved to strike it
out.   In such case, if the court denies the motion, its
action will not be disturbed.   (*People* v. *Long*, 43 Cal.
446.)

3. It is contended that the arraignment was not suffi-
cient, because the record does not show that an inter-

preter was appointed.    The record states that the information was read to the defendant, and a copy thereof given to him, and that he pleaded that he was not guilty of the offense charged.    This was sufficient.    It was not necessary that it should be stated that an interpreter was appointed.

It is further contended that the court should have granted the defendant's motion to amend the record so as to show that he never personally pleaded to the information.    But, in the first place, that was a matter which took place in the presence of the court, and presumably it recollected the circumstances, and its decision as to the fact will not ordinarily be disturbed.    In the second place, if the proposed amendment had been allowed, it would have made no difference.    (*People* v. *McCoy,* 71 Cal. 396; *People* v. *Bowman,* 81 Cal. 568, 569.)

The other matters do not require special notice.

We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.