# STATE EX REL. CONWAY v. BLAKE, JUDGE.
## CONWAY v. STATE.

CRIMINAL · LAW—AMENDMENT OF RECORD—AFFIDAVITS OF BY-
STANDERS—PERSONAL PLEA—WRIT OF ERROR—EXPIRATION
OF STATUTORY PERIOD—JURISDICTION.

1. Parol evidence. is insufficient, of itself, to effect an amend-
ment of the record unaided by any note, minute or me-
morial. It may be heard to aid the record, and is competent
to aid in obtaining a nunc pro tunc entry, but not to make
a new, independent and original order or entry.

2. No amendment of the record should be permitted in hos-
tility to the recollection of the judge.

3. Affidavits of by-standers in hostility to the recollection
of the judge can not be allowed to impeach such recollection
as to matters occurring in his court within his personal
knowledge and observation.

4. When, during the trial of a murder case, and after the
evidence of the prosecution had been introduced, defend-
ant's counsel stated to the court that defendant desired to
withdraw his plea of not guilty, and enter a plea of guilty
of murder in the second degree, and upon the court then
asking if the defendant withdraws his plea of guilty, and
enters a plea of guilty of murder in the second degree, the
defendant "nodded" his head, and his counsel said that
such was the plea, and the plea was then accepted and the
jury discharged. Held, that defendant's affirmative assent
to the action of his counsel, though made by a sign, was
sufficient, and operated as a voluntary plea, particularly as
he made no objection to his attorney's action, or the pro-
ceedings of the court, and it not appearing that he did not
understand the proceedings or the effect of the plea.

5. The allowance of a writ of error by one of the justices
of the supreme court, if improvidently so allowed, cannot
of itself confer jurisdiction of the cause.

6. Application for writ of error being made after the ex-
piration of one year allowed by statute, comes too late,
where no good reason for the delay is shown. No such
reason appears where the delay is caused by the refusal of
the district judge to insert certain matter in the bill of
exceptions, presented within the time allowed by the court,
which refusal was made the same day the bill was pre-

sented, and no proceedings in the appellate court are insti-
tuted for nearly two years thereafter.

7. The court may, in a proper case, relieve a party against
fraud or accident, or where the case presents the equitable
elements which are the distinguishing features of the cases
where time is allowed, after the time fixed by statute,
within which an appeal may be taken; but such relief
should not be extended without a direct application contain-
ing sufficient grounds upon which an issue can be framed.

[Indictment filed August 25, 1891. Decided November 13, 1894.]

MANDAMUS to District Judge, and ERROR to District Court
of Natrona County. HON. JOHN W. BLAKE, Judge.

John C. Conway was indicted for the crime of murder in
the first degree. The record showed that during the trial,
and after the prosecution had rested its testimony in chief,
the plea of not guilty was withdrawn, a plea of guilty of
murder in the second degree entered, and the jury discharged.
Subsequently a motion, supported by affidavits, was filed to
amend the record. The affidavits were ordered stricken from
the files. A motion in arrest of judgment was made and over-
ruled. Sentence was thereupon pronounced. Another mo-
tion, accompanied by affidavits, was filed to amend the record
of the sentence, and still a further motion similar to the first
but without affidavits, was made to amend the record, which
was overruled. The particular purport of the motions and
affidavits to amend the record is set out in the opinion. The
district judge refused to permit any of such affidavits to be
incorporated in the bill of exceptions, and refused to sign
any bill embracing them. A writ of error was allowed by
the chief justice; and an ancillary application was made for
mandamus to compel the judge to sign a bill of exceptions
including the affidavits. The main case, and the application
for mandamus were heard together and disposed of at the
same time by the following opinion. The application for
mandamus was denied, and the petition for, and the writ of
error were dismissed. The petition for writ of error was not
presented within the period fixed by statute. The particular
contention on behalf of the defendant was that he had not

personally signified any assent to the withdrawal of his plea of not guilty, and had not personally authorized or given any plea of guilty. The other material facts are stated in the opinion.

*W. R. Stoll* and *F. H. Harvey*, for relator, and plaintiff in error.

The affidavits contained the only evidence upon the question of the manner of the alleged plea of guilty. They constitute proper matter for the bill of exceptions. A bill is defective which omits evidence, where on its face it appears there was such evidence and exceptions concerning it. (Harvis v. Tomlinson, 130 Ind., 426; People v. Pearson, 2 Scam., 189; Poteet v. County, 30 W. Va., 58; Powell v. Tarry's Admr., 77 Va., 250; Crane v. Judge, 24 Mich., 512; N. Y. Pub. Co. v. Rothbery, 112 N. Y., 592; Dillard v. Dunlop, 83 Va., 755; High Ex. L. Rem., secs, 209, 210; State v. Marsh, 119 Ind., 394; Mfg. Co. v. Haike, id. 47; Saxon v. State, 116 id., 6; 112 id., 263; 104 id., 363; 102 id., 418.) Any immateriality of the affidavits is no justification for the refusal to allow them in the bill. A return to an alternative writ of mandamus which does not meet it by direct averments, is demurrable. (Moses on Mand., 210; High, 400, 466-474; Reichenbach v. Ruddach, 121 Pa. St., 18; Com. v. Comrs., 37 id., 277; In re Prospect Brew. Co., 127 id., 523; Woodruff v. R. R. Co., 59 Conn., 63; People v. Ohio Gr. Town, 51 Ill., 191; Harwood v. Marshall, 10 Md., 451.) Appellate tribunals possess jurisdiction to review a ruling respecting an application to amend the record. (Elliott App. Pro., sec. 206; Harris v. Tomlinson, 13 Ind., 426; Welsh v. County Ct., 29 W. Va., 63; Rev. Stat., secs. 2352, 2355, 2681-82.) A ruling which passes upon the merits of the controversy, or affects substantial rights of the parties is not an exercise of discretionary power. (Elliott, sec. 603; Powell App. Pro., n. 2, Appendix, 406; Ins. Co. v. Tomlison, 68 N. Y., 215; Rawley v. Benthugsen, 16 Wend., 369; Buell v. Street, 9 Johns., 443; Bunk v. Griffith, 2 Wis., 324; Exp. Trust. Co., 129 U. S., 206; R. S., sec. 3126.) Judicial discretion is

reviewable where improperly exercised. (Carr v. Moses, 87 Mo., 447; Cook v. Spears, 2 Cal., 409; Bank v. Treadwell, 34 Barb., 553; Elliott, 600; Powell, 72; Rowell v. Small, 30 Me., 30; Avery v. Bowman, 39 N. H., 393; Freeman v. Morris, Busbee (N. C.), 287; McElwain v. Corning, 12 Abb., 16; 3 Wend., 366; 1 Ired., 106; 61 Wis., 222; 2 Jones, N. C., 400; 12 Abb., 28; 50 N. Y., 296; 2 Abb., N. Y. App., 340; R. S., sec. 2501.) The assertion by the judge upon the journal that the record was practically and substantially true can add nothing to the record as it stands. That cannot prevent a review of the action of the trial court. Even if such action was discretionary it may be reviewed, because of: 1. Abuse of discretion. 2. Mistake in the record. 3. The decision, shown by reasons assigned, was based on legal and not discretionary grounds. The record may be amended by any sufficient evidence even after the term. (Elliott, sec. 213; Freeman on Judg., secs. 61, 62; 1 Black on Judg., sec. 135; Wright v. Nicholson, 134 U. S., 136; Pleyte v. Pleyte, 15 Colo., 44; Clark v. Lamb, 8 Pick., 415; Weed v. Weed, 25 Conn., 337; Hollister v. Judges, 8 O. St., 201; 53 Ark., 250; 4 Black, secs. 153-156; Freeman, 69-70.) Affidavits in support of motions to amend, and contradictory thereto are competent evidence. (R. S., sec. 2611; Forquer v. Forquer, 19 Ill., 68; Stockdale v. Johnson, 14 Ia., 178; Doane v. Glen, 1 Colo., 454; Doe v. Litherberry, 4 McLean, 442; Welsh v. Keene (Mont.), 21 Pac., 25; State v. Harrison, 104 N. C., 728; N. Y. Pub. Co. v. Rothery, supra; 46 Ind., 282; 45 Cal., 118; 67 Ia., 352; 4 Colo., 348; 29 Kan., 71; 2 How., 268.) Under no circumstances does a nod of the head constitute a valid plea by defendant. (People v. McCrory, 41 Cal., 458.) One part of a record may be aided or impeached by another. (Jester v. Spurgeon, 27 Mo. App., 477; Cloud v. Inhabitants, &c., 86 Mo., 367.) The defendant is required to answer the question of the court as to his guilt, by saying "guilty" or "not guilty." (R. S., secs. 3270, 3273.) A plea must be voluntary, and personal. The record must show affirmatively a strict compliance with the statute. (Saunders v. State, 10 Tex. App., 336; Marks v. State, id. 334.) A

plea by an attorney in a felony case is a nullity. (1 Bishop
Crim. Pro., sec. 268; 1 Wharton's Crim. L., sec. 530; 1 Chitty's
Crim. L., 416-17, 436, 472; Stephen's Crim. L., 290; Bar-
bour's Crim. Tr., 300, 304; 1 Arch. Crim. Pr., 330, n. 1;
McQuillen v. State, 8 S. & M., 595; Sperry v. Com., 9
Leigh, 623; State v. Conkle, 16 W. Va., 736; Wilson v.
State, 42 Miss., 639; Warrace v. State, 27 Fla., 362; Saun-
ders v. State, supra; Cachute v. State, 50 Miss., 165; People
v. McCrory, supra; People v. Thompson, 4 Cal., 239; Dunn
v. Com., 6 Pa. St., 384; State v. Meekins, 41 La. Ann., 543.)
It is only when defendant stands mute or pleads evasively
that a plea can be entered for him, and then it must be
"not guilty." (R. S., sec. 3273.) If a defendant has submit-
ted to a trial and is convicted, the record need not necessar-
ily show that a plea of "not guilty" was personally made.
(Maxwell's Crim. Pro., 541; Allyn v. State, 21 Neb., 593;
State v. Hayes, 67 Ia., 27; State v. Green, 66 id., 11; Billings
v. State, 107 Ind., 54; State v. Cassady, 12 Kan., 423; Terr'y
v. Shipley, 4 Mont., 468.) Assuming the withdrawal of the
plea of not guilty, the failure to arraign the defendant was
reversible error. (State v. Hunter, 42 La. Ann., 814; 27 id.;
227; 30 id., 367; id., 311; 31 id., 387; State v. Stewart, 26
S. C., 125; State v. West, 84 Mo., 440; 1 Bish. Crim. Pro.,
sec. 733; 3 Wharton's Crim. Pr., sec. 3155; 1 Arch. Cr. Pr.,
351.) The defendant is now held without authority of law,
and must be discharged by the appellate court. (Const., Art.
1, sec. 11; R. S., secs. 3355-56, 3358-60; 1 Bish. N. Cr. L.,
sec. 1013, 1041, 1044-45; O'Brien v. Com., 9 Bush., 333;
Hines v. State, 24 O. St., 134; People v. Webb, 38 Cal., 467;
Greeber v. State, 3 W. Va., 699; State v. Leunig, 42 Ind.,
541; Lee v. State, 26 Ark., 260; Bell v. State, 44 Ala., 393;
State v. Calendine, 8 Ia., 288; People v. Horn, 70 Cal., 17;
Pizano v. State, 20 Tex. App., 139; Maden v. Emmons, 83
Ind., 331; State v. Moon, 41 Wis., 684; Exp. Maxwell, 11
Nev., 428; Hilands v. Com., 11 Pa. St., 1; Adams v. State,
99 Ind., 244; Foster v. State, 88 Ala., 182; State v. McKee,
1 Bailey, S. C.; 14 O., 295; 12 O. St., 214; 14 id., 493; 48
Mich., 554.)

*Charles N. Potter,* Attorney General, for the State, and for respondent in mandamus proceeding.

Although a trial judge may be required by mandamus to sign a bill of exceptions, an appellate court will not, by mandamus or otherwise, compel him to incorporate a particular thing in a bill, or to sign, or settle, any particular bill of exceptions. (Ex parte Bradstreet, 4 Pet., 102; People v. Jameson, 40 Ill., 93; Shepard v. Payton, 12 Kan., 616; Jameson v. Reed, 2 G. Greene, 394; State v. Noggle, 13 Wis., 380; People v. Anthony, 129 Ill., 218.) The affidavits misstated what occurred in the presence of the judge. It was the duty of the judge to decide and have shown by the record what occurred with reference to defendant's plea. Finding that the affidavits were untrue to his personal knowledge, as to matters occurring in court in his presence, he ordered the affidavits stricken from the files. They, therefore, could not form any part of a bill of exceptions, or any part of the record. The record of a court is to be made by the judge according to his own knowledge and recollection. It imparts absolute verity in an appellate court, as well as against collateral attack. Any other rule would be dangerous in the extreme. No case can be found where an appellate court has amended a record of a trial court in a material matter when the trial judge has said that the matter desired to be incorporated was not true. The court will not order any record to be amended or corrected, upon mere parol testimony, unaided by anything in the record itself. (Rodman v. Harvey, 102 N. C., 1; State v. Farrar, 104 id., 702; Hahn v. Kelly, 34 Cal., 391; Galpin v. Page, 18 Wall., 364; People v. Brennan, 44 N. W., 618; Parkinson v. People, 24 N. E., 772; State v. Dolan (Ind.), 23 N. E., 762; Cachute v. State, 50 Miss., 165; State v. Singler, 28 Mo., 314; 7 id., 600.) The prisoner had been once arraigned. An arraignment is a means of identifying the prisoner. (Fitzpatrick v. State, 98 Ill., 259.) Even if error has been committed in taking the plea of guilty the defendant is not entitled to his discharge. If a reversal should be for error in law, committed at the trial, the accused is not deemed to have been in jeopardy. (Const., Art. 1,

sec. 11.) If there was no legal plea of "guilty of murder in the second degree," the former plea having been withdrawn, then the case stands as a case without a plea, and in such case the proper course is to order a new trial. (State v. Koerner, 51 Mo., 174; State v. Conkle, 16 W. Va., 736; State v. Hunter, cited by plff. in error.) The jury were discharged at the request of, and with the concurrence of the accused, and he has thereby waived any right to insist on a second trial, if one should be ordered, that he had been in former jeopardy. (People v. Gardner, 62 Mich., 307; Com. v. Shales, 13 Allen, 554; People v. White, 48 Mich., 648; Hughes v. State, 35 Ala., 351; State v. Falconer, 70 Ia., 416; State v. Parker, 66 id., 586; Stewart v. State, 15 O. St., 155; State v. Slack, 6 Ala., 676; Spencer v. State, 15 Ga., 562; 14 Ind., 39; 9 Mich., 572; 1 Bailey, S. C., 651; 3 Heisk, 493; 15 Pa. St., 468.) Former jeopardy cannot be raised at this time. It is a defense that must first be made by a proper plea. (State v. Barnes, 32 Me., 530; State v. Morgan, 95 N. C., 641; Zackery v. State, 7 Bax., 1.)

Groesbeck, Chief Justice.

John C. Conway, the plaintiff in error, was indicted for the crime of murder in the first degree at the August, A. D. 1891, term of the district court for Natrona County. He pleaded not guilty to the indictment and trial was begun on the first day of September, A. D. 1891. On the fourth day of that month, and during the trial, the record of the district court shows that the defendant withdrew his plea of not guilty and pleaded guilty of the crime of murder in the second degree; that thereupon he was ordered into the custody of the sheriff to await sentence and the jury was discharged from any further consideration of the case. No objection appears to have been made either by defendant or his counsel to the withdrawal of the initial plea or to the entry of the substituted plea, or to the discharge of the jury, but on the 8th day of September, 1891, some four days later, the defendant filed a motion accompanied by the affidavits of himself, his attorneys and another to amend and correct the

record of the court in relation to the withdrawal of the plea
of not guilty and the entry of the plea of guilty, so that the
record as made should be substituted by the following words:
"A. C. Campbell, an attorney heretofore directed by the
."court to sit with and counsel the attorneys for the defend-
"ant in the trial of this cause, at this time states to the
"Court that the defendant asks leave to withdraw his plea of
"'not guilty' heretofore entered by him in this cause, and
"will enter a plea of guilty of murder in the second degree.
"The defendant in his own proper person speaks not. And
"the court directs that the defendant John C. Conway is
"permitted to withdraw his plea of not guilty heretofore
"entered by him in this case, and is permitted to enter a
"plea of guilty of murder in the second degree. The de-
"fendant John C. Conway in his own proper person speaks
"not." The district court ordered the affidavits detached
from the motion and stricken from the files and refused to
.consider the same upon the ground that, taken separately or
as a whole, they undertook to show to the Court a condition
of affairs that did not exist as to the proceedings that were
had at the time when the plea of guilty was entered and the
jury discharged, and the motion to amend the record was
overruled. On the same day a motion was made to arrest the
judgment, on the following grounds, because (1) the court
had no jurisdiction to pass sentence upon the defendant, (2)
the defendant was not properly before the court, (3) no in-
dictment such as is required by law had been filed in said
cause, and .(4) the defendant had not been convicted of any
crime. This motion was overruled by the court and sentence
and judgment was pronounced against the defendant, and
his punishment fixed at twenty-five years' confinement at
hard labor in the State penitentiary. Two days later, a motion
was made to correct the record as to the proceedings of the
court in pronouncing sentence, in order to show that the
defendant when asked if he had anything to say why judg-
ment should not be pronounced against him, said: "If it
please your honor, I did not plead guilty." This motion was

accompanied by an affidavit, which was also stricken from the files as showing a state of facts that did not exist.

Thereafter, and on the same day, another motion was made to amend the record, which was in effect the same as the motion first made, except that it was submitted without affidavits, and this motion the court also overruled, giving as its reasons for its refusal to amend the record, (1) the application was made after the sentence had been passed upon the defendant and the case finally disposed and (2) that the record as it stood was practically sufficient, complete and true in all respects, and required no change. The facts and circumstances attending the withdrawal of the plea of not guilty and subsequent plea of guilty of murder in the second degree are then minutely set forth in the order overruling this last motion, and were entered at large upon the journal of the court by its order. Briefly stated, they are that during the trial of the cause, the leading attorney for the defense suddenly left the county without notice and was found to have abandoned the cause. At the urgent request of the other attorneys for the defendant, the court appointed an attorney to assist them, who acted with them until sentence was pronounced. After the prosecution had introduced its testimony in chief and rested, counsel for the defendant requested time for consultation, which was granted, and the judge of the court was informed that a conference between opposing counsel was called to act upon a proposition of the defendant to plead guilty to murder in the second degree. The attorney appointed by the court to assist counsel for defendant informed the court that there was practically no testimony on behalf of the defendant which would affect the evidence for the prosecution and that the defendant ought to plead guilty to murder in the second degree and would do so. The judge consented that this plea might be entered at the opening of the court on the following morning, as the evidence in the opinion of the judge was sufficient to warrant a conviction of such a crime, and on the following day, in the presence of the court, the defendant and his counsel, the attorney under special appointment of the court

for the defendant, stated to the court his reasons for the withdrawal of the plea and the substitution of the one agreed upon. At the close of his remarks, the judge of the court said: "Does the defendant withdraw his plea of not guilty "and enter a plea of guilty of murder in the second degree?" The defendant was sitting with his face turned toward the judge and was "sobbing and weeping to an unusual degree." When his attorney said that such was the plea, the defendant "nodded his head." The plea was then formally accepted by the court and the jury was discharged. No objection was made to the action of the court in this regard, but exceptions were timely interposed and reserved to the subsequent adverse rulings of the court on the various motions to amend the record and on the motion for arrest of judgment.

Proceedings by mandamus have been instituted in this court ancillary to the proceedings in error to bring into the record the affidavits filed in support of the motions to amend the record and on the motion in arrest of judgment, these having been stricken from the files and the judge having refused to incorporate them in a bill of exceptions. These affidavits are brought to our attention in the petition for the writ of mandamus, where they are set out at length and are verified by the affidavit of the attorney for plaintiff in error.

An answer was filed by the judge to the petition for the writ alleging that the bill of exceptions signed by him and made a part of the record in the proceedings in error is a full, true and complete bill and that he refused to allow and sign other bills of exceptions presented to him because they were incorrect. To this answer of the judge a demurrer and a reply was filed by the relator and plaintiff in error. The proceedings in mandamus and in error were argued together and submitted together for our consideration.

1. If the affidavits rejected by the court below had been incorporated in the record, the result would have been the same, as the judge of the trial court insists that his recollection of the events occurring in his presence as a court, but a few days prior to the filing of the motion to amend the

record, was at variance with the statements of the affidavits. He details the facts and circumstances at length as they occurred in the court over which he presided under his personal observation and he is positive in his statements. It is doubtful if this recital of facts was necessary, as it is clear that parol evidence is insufficient of itself to affect an amendment of the record unaided by any note, minute or memorial. It may be heard to aid the record, and is competent, to aid in obtaining a nunc pro tunc entry, but it does not follow that it is competent to make a new independent and original order or entry. Elliott App. Proc., 213. At the common law, if there was a mistake of the clerk in making up a record, the court would direct the clerk to amend it. 3 Bl. Com., 24, 408. This was done from the remembrance of the judge, before such changes and omissions became too fruitful a source of judicial corruption, when the rule became so strict that amendments would only be made in fieri and not after the record was made up, and the enforcement of this rule led to the enactment of statutes regulating the matter. Our statutes require the clerk of the district court to keep the records, books and papers pertaining to the court and to record its proceedings, and in the performance of these and other of his duties, the clerk is under the direction of the court. When the judicial acts or proceedings of the court are made up and are found to be correct on examination, the presiding judge must subscribe the same. Rev. Stat., sec. 2352, 2355, and 2682. When matters not of record are incorporated in a bill of exceptions, the court or judge thereof in vacation must scrutinize the bill and if true allow and sign it, but if it be not true, correct it, or suggest the correction to be made and when corrected sign it. Id., sec. 2649, as amended by sec. 1, ch. 38, Sess. Laws 1890. This duty of supervising the record of a superior court of general original jurisdiction, which is entrusted to the judge of the court can not be performed by the officers of the court or by bystanders. When through the lapse of time or from other causes, the court is at a loss to know what the facts were, the record may be corrected upon clear proof that it

does not speak the truth or is silent where it should speak, but even this relief should be cautiously granted. It may be true that if the trial court makes a decision upon evidence submitted to it whether or not the record should be amended, such a decision could be reviewed, where the judge of the court has not sufficient recollection upon the disputed entry, but it is clear that no amendment of the record should be permitted in hostility to the recollection of the judge, for that would be to substitute another than the high official acting under the solemnity of an official oath, appointed by the statute for that very purpose. It would be a dangerous practice to permit interested parties or their attorneys to make up the record of judicial proceedings, in any case; surely this could not be done in conflict with the positive recollection of the judge, as the statute now reads. It has been said that it is doubtful whether a court should correct its record after adjournment for the term, upon affidavits unaided by anything in the record or the recollection of the judge which tends to corroborate the affidavits, and a refusal in such case to make the correction sought, where the affidavits are conflicting, will not be reversed on appeal. The court intimated in such a case that it ought not to interfere unless there was record evidence which showed a mistake in the record that justice required be corrected. State v. Crosby, 67 Iowa, 352; 25 N. W., 279; Wright v. Nicholson, 134 U. S., 136. When a matter takes place in the presence of the court, it will be presumed that it recollected the circumstances and its decisions will not ordinarily be disturbed. People v. Samario, 84 Cal., 484, 24 P., 283. The court in this last cited case passed upon the question before us. It was contended that the motion for the defendant to amend the record so as to show that he never personally pleaded to the information should have been granted. It was held that if the proposed amendment had been allowed, it would have made no difference, as it was not necessary to state in the record that an interpreter was appointed, as it appeared therein that the information was read to the defend-

ant, a copy furnished to him and that he pleaded not guilty to the offense charged.

As the court below decided the various motions offered to amend its record upon its own immediate knowledge and positive recent recollection, the right result was reached, even though it discarded the affidavits in hostility to its recollection, as they or either of them could not be allowed to impeach the recollection of the judge as to matters occurring in his court within his personal knowledge and observation.

2. But taking the order of the court reciting the facts as they occur, which is made a part of the record by order of the judge, it is insisted that this recital shows that there was no personal plea of guilty, that the judgment and sentence of the court was a nullity and that the defendant having been once in jeopardy, must be discharged by this court. The record discloses that no motion for a new trial was made nor anything done by counsel to waive any right issuing from the situation in which the defendant claims he was put.

According to the statement of the judge, the defendant inclined or "nodded" his head in response to the question put by the court asking if he desired to withdraw his plea of not guilty and plead guilty to murder in the second degree. The affidavits presented to the court state that defendant made no personal plea and was asked nothing by the court except as to his age, to which he replied "twenty-nine, going on thirty." They do not state that defendant misunderstood the proceedings of the court or was misled by anything that was said or done by his counsel or the court, neither is there any intimation that counsel had no authority to act for defendant. It is certain that no objection was interposed to the action of the court in accepting the plea and discharging the jury. Our statute makes provision for a personal plea upon arraignment unless the defendant stands mute or refuses to plead, when a plea of not guilty is entered for him, but unlike the statutes of some of the States, there is no provision for the withdrawal of the plea once made and the substitution of another. But this

was a matter within the discretion of the court, at common law, and when once the defendant had pleaded, he was bound to abide by the defense he had chosen and could not, as a matter of right, rely on another. A plea of guilty might be withdrawn in order to confess the indictment. 1 Chitty Crim. Law, 436. The common law judges were reluctant to receive a plea of guilty, especially in a capital case, but this was because defendant was not allowed counsel and for the reason that he might be incapable mentally to decide intelligently or to understand the consequences of such plea. The case of People v. McCrory, 41 Cal., 458, is much relied upon by counsel for the plaintiff in error. . It is there held that the trial court should have granted the defendant a continuance on his showing, and that a plea of guilty of murder in the second degree made by his counsel and assented to by him by inclining his head, should have been permitted to be withdrawn upon application therefor before sentence. The court said that nothing should be left to implication and that the confession of guilt should be expressly made by the defendant himself in person in the presence of the court, but under the circumstances of the case, the decision seems to have turned on the fact that there was a doubt if the plea had been voluntarily made, as the defendant might have deemed it politic to confess himself guilty of the lesser offense rather than to incur the hazard of a conviction for the greater, on trial in the absence of his witnesses. So his application to withdraw the plea of guilty was held not capriciously made and should have been granted, particularly as it was not clear that the defendant consented to the entry of the plea of guilty. This case hinged upon the fact that the plea was forced and was not a voluntary one. No trial had been had and the result of the decision was merely to permit the defendant to plead not guilty and stand his trial.

The case at bar is different, as the evidence of the prosecution had been heard, the evidence was sufficient to warrant the conviction of the lesser offense, and the plea seems to have been made only after a protracted consultation between

the defendant and his attorneys, by consent of the prosecution with the approbation of the court, and no objection was made by either defendant or any one of his attorneys to the proceedings. The case of State v. Richardson, 98 Missouri, 564, is in point. The defendant there when arraigned stated to the court that he had an attorney and did not desire to have one appointed by the court. When the attorney designated by him as his counsel appeared, he stated that he had not been employed by the defendant and the court thereupon refused to appoint counsel for him on account of his previous representations and because there was no member of the bar present whom the court could ask to conduct the defense. The defendant then agreed with the circuit attorney, appearing for the prosecution, that he would plead guilty to one indictment and receive a sentence of imprisonment for two years thereunder, and that another indictment pending against him should be dismissed. The circuit attorney and clerk of court stated, and the judge found in the bill of exceptions, that the defendant stepped to the bar of the court and the circuit attorney made known the desire of the defendant to plead guilty. The judge inquired of him if such was his desire and the defendant said it was, whereupon the agreed sentence was imposed and the remaining indictment was dismissed. The witnesses in both cases were discharged and the defendant made no objection to any of these proceedings. On appeal the judgment was affirmed, as although the defendant alleged that he made the plea of guilty owing to a mistake and a misunderstanding of the proceedings and of what was said to him by the officers, he failed to state wherein he was mistaken or that he misunderstood the result of his plea of guilty. The court intimated that the motion to set aside the plea and judgment was an afterthought, and that the defendant could not have been misled. In that case the defendant had no counsel, but was held to his agreement with the prosecuting attorney. His reply to the question of the court was oral, but was as informal as the response of defendant in the case at bar. There was no formal arraignment in either case. It is doubt-

ful if even under the strict practice of the common law the
same formalities were observed upon the withdrawal of one
plea and the substitution of another as in the case of the
initial plea upon arraignment. In the absence of a statute
regulating the procedure in such cases, and as it is clearly
a matter within the discretion of the trial court to permit
the withdrawal of a plea for another, it does not seem neces-
sary to have a second arraignment of the defendant and a
plea made orally.

Under the circumstances of the case before us, even taking
into consideration the eliminated affidavits, it does not suffi-
ciently appear that the defendant misunderstood the pro-
ceedings of the court or of the attorney who was appointed
by the court to act with others of his selection at their re-
quest, and who acted for him without objection on his part,
or that he was misled or that an attempt was made by any
one to compel him to plead guilty. His affirmative assent to
the action of the attorney, although made by a sign, we think
was sufficient and operated as a voluntary plea, particularly
as he made no objection to the action of the attorney or to
the proceedings of the court, and as it is not made to appear
that he did not understand the proceedings or the effect of
his plea. The punishment of imprisonment for twenty-five
years imposed upon him was not the full extent of the law,
the minimum of the punishment being twenty years, and the
court was clothed with the power to inflict a life sentence
for the crime of murder in the second degree. The state-
ment of the judge is to the effect that the evidence sufficiently
warranted a conviction of such an offense. No complaint
is made as to the quantum of the punishment, and it is not
contended that the defendant was entrapped, inveigled or
induced into making the plea of consenting to the proceed-
ings. At the common law a personal plea was necessary on
arraignment and it must appear on the record, but under the
codes of criminal procedure where on appeal or review of
the action of the trial court, errors not prejudicial and not
affecting the substantial rights of the defendant are disre-
garded, it has been held that a trial without the record of

the plea is not fatal, and that it may be made by the attorney when no objection is interposed and a trial has taken place as if a personal plea had been entered. State v. Cassady, 12 Kans., 561; Allyn v. State, 21 Neb., 593; State v. Greene, 66 Iowa, 12; 23 N. W., 154; State v. Jones, 70 id., 505; 30 N. W., 750; Bateman v. State, 64 Miss., 233. It might well be held that the defendant waived his rights, even if he did not make a personal plea upon the withdrawal of his former plea, by his failure to object at the proper time to the proceedings of the court. Waiver is analogous to estoppel and applies to criminal as well as to civil proceedings. Says Mr. Bishop: "If the defendant has consented to any step in the "proceedings, or if it has been taken at his request, or if he "did not object to it at the proper time when he might, "he cannot afterward complain of it, however contrary it "was to his constitutional, statutory or common law rights." 1 Bishop Crim. Proc., 3rd ed., 118. The exceptions to this general rule as stated by this learned author are those which are jurisdictional or such proceedings which, if not agreed to, would tend to prejudice him in the minds of the jury.

The doctrine of waiver in criminal cases has been carried to the extreme by some of the courts, and the supreme court of errors in Connecticut plainly says: "The prisoner or his "counsel for him, may waive any objection in a case not "capital." State v. Tuller, 34 Conn., 295. By consent of parties, a jury, although sworn and having heard some of the evidence in a capital case, may be discharged without a verdict, and a mistrial declared. Spencer v. State, 15 Georgia, 362. A defendant may waive a discontinuance of his case by operation of law, if he continues to appear after such a discontinuance operates and suffers the suit to progress without objection on his part. Ex parte Hall, 47 Ala., 675. If a plea in bar set forth that the cause was dismissed and the jury discharged by the court upon the motion of the respondent, the judgment of conviction upon the second trial will be affirmed. People v. White, 68 Michigan, 648; N. W., 34. Com. v. Sholes, 13 Allen, 554.

3. The only matter which has not been passed upon

herein raised on the motion for arrest of judgment is the sufficiency of the indictment. No claim was made upon the argument or in the brief that the indictment does not charge an offense, and an examination of it convinces us that it is good and would support a conviction of murder in any degree.

4. The sentence was pronounced and judgment rendered in the case by the district court of Natrona County on the 8th day of September, 1891, and the last proceedings of the court on the motion to amend the record were had on the 10th day of that month. At the time of the rendition of the judgment, the defendant was allowed by the court time to the extent of thirty days from that date in which to prepare, file and present to the judge in vacation his bill of exceptions.

No bill was allowed within this time and no extension of time for filing or presenting the bill was made until the 9th day of September, 1892, during the August term of that year of the district court, more than one year after the rendition of the judgment. The statute regulating the allowance of a writ of error in a criminal case is as follows: "In all crim-"inal cases, after final judgment, and within one year after "the rendition of the judgment, writs of error may, on good "cause shown, be allowed on the application of the defend-"ant upon his petition verified by affidavit, setting forth the "grounds of error clearly and succinctly of which he com-"plains, together with a transcript of the record of the trial "court, by the supreme court or any judge thereof, in the "recess or vacation of said court." Rev. Stat., Sec. 3354. Application was made for the alternative writ of mandamus in this cause to the court August 29, 1893, and on that day the petition in error with the transcript of the record was filed in the office of the clerk of this court and the alternative writ allowed. On the first day of September, 1893, application was made for the writ of error to the chief justice of this court and was allowed by him on that day.

It has been the practice of the justices of this court to allow writs of error pro forma, but if the writ should be im-

providently allowed, this action of one of the members of this court could not, of itself, confer jurisdiction of the cause.    It is quite clear from the record that the excuse for the delay was the action of the judge of the district court in refusing to insert in the bill of exceptions the affidavits tendered in support of the motion to amend the record of his court.    But the record shows that the first bill of exceptions containing these affidavits was presented to the judge October 5, 1891, within the time allowed by the court, and was refused on that day.    The same remedy of mandamus was open to the plaintiff in error on that day as was finally invoked nearly two years thereafter.    No excuse is given for this delay and no case presented to us independently of the record, showing the reasons for the failure to apply for the writ within the year after the rendition of the judgment, the time fixed by statute within which to make application and secure the allowance of the writ.    The provision which limits the time for appeal is jurisdictional in its nature, and the court can not ordinarily enlarge the time nor can the parties extend it by agreement.    The court may relieve a party in a proper case against fraud or accident, or where the case presents the equitable elements which are the distinguishing features of the cases where time is allowed after the expiration of the time fixed by statute within which an appeal may be taken.    We do not think we have the right to extend any such relief without a direct application for that purpose, containing sufficient grounds for relief upon which an issue can be framed.    The alleged arbitrary act of the judge of the district court in refusing to sign the bill of exceptions tendered is presented to us in the application for the writ of mandamus, but this application comes too late.    It is not necessary to cite authorities in support of a proposition so free from doubt; but the matter is discussed fully by Judge Elliott in his excellent work on Appellate Procedure, Sec. 211, et seq., and in the recent case of Stevens v. Clark, 62 Federal, 321.

We have reviewed the matters assigned as errors in this opinion, and it follows that we should have affirmed the

judgment of the district court, had this court the power to order such affirmance. But as the application for the writ of error was made long after the time had elapsed in which to apply therefor, and the remedy sought by mandamus was also pursued after this period had expired, in the absence of a showing excusing this failure to perfect the proceedings within the time allowed by statute, we must hold that the allowance of the writ of error was irregular and void and that this court has no jurisdiction to hear and determine the proceedings under the writ of error or of auxiliary proceedings by the writ of mandamus.

*The peremptory writ of mandamus is denied, and the petition therefor and for the writ of error are dismissed.*

CLARK, J., who was one of the members of this court when this cause was submitted, was disqualified by reason of being of counsel in the district court, and Hon. Jesse Knight, Judge of the District Court for the Third Judicial District, was called in by the remaining justices, under the constitutional provision, and sat in the hearing and determination of this cause.

CONAWAY and KNIGHT, JJ., concur.