[Criminal No. 559. Filed June 18, 1923.]

[215 Pac. 729.]

## SAM GIBSON, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—OBJECTION TO ADMISSION OF ARTICLES, WITHOUT SPECIFYING GROUNDS OF OBJECTION, HELD TOO GENERAL.—An objection by accused, in a prosecution for burglary, to admission of certain articles, *held* too general, where it did not specify ground of objection.

2. CRIMINAL LAW—GENERAL OBJECTION TO ADMISSION OF ARTICLES INSUFFICIENT, IF ANY OF THEM WERE PROPERLY IDENTIFIED AS BELONGING TO OWNER.—If any of the articles offered in evidence in a burglary prosecution were properly identified by prosecuting witness as being his, a general objection was insufficient.

3. CRIMINAL LAW—PERMITTING ADMISSION OF EVIDENCE, AND THEN MOVING TO STRIKE OUT ON GROUNDS PREVIOUSLY AVAILABLE, HELD NOT PERMISSIBLE, EXCEPT WHERE ANSWER IS UNRESPONSIVE.—Permitting evidence to be given without objection in the first instance, and then moving to strike it out on grounds which might readily have been availed of to exclude it when offered, *held* not

permissive, except where the witness' answer is not responsive, in which case a motion to expunge should be made and granted.

4. BURGLARY—EVIDENCE HELD TO SUPPORT VERDICT.—Evidence in burglary prosecution, *held* to support verdict of guilty.

5. CRIMINAL LAW — JURY'S DECISION, ON CONFLICTING EVIDENCE, WHETHER ACCUSED WAS ELSEWHERE WHEN CRIME COMMITTED, HELD FINAL.—In a burglary prosecution, *held*, that though, if the jury had believed accused's testimony that he was elsewhere when the burglary was committed, it would have constituted a complete alibi, yet since it was their province to decide on the conflicting evidence, their verdict must stand.

6. BURGLARY—POSSESSION BY ACCUSED OF GOODS ALLEGED TO HAVE BEEN TAKEN TENDED TO PROVE GUILT, UNLESS EXPLAINED.—In a prosecution for burglary, possession of goods belonging to the owner of the burglarized house by accused was a circumstance to be considered by the jury in determining accused's guilt or innocence, which possession, unless satisfactorily explained, tended to prove his guilt.

7. BURGLARY — PROOF HELD TO BE SUCH AS TO AUTHORIZE FINDING THAT IN COMMITTING LARCENY ACCUSED NECESSARILY COMMITTED BURGLARY.—Where the evidence that J.'s house had been broken into, and that certain articles taken therefrom were found in accused's house was undisputed, the proof was such that the jury might have found that accused was guilty of the larceny from J.'s house, ·and that in committing that crime he necessarily committed burglary.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. Lyman H. Hays and Mr. G. V. Hays, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson and Mr. E. W. McFarland, Assistant Attorneys General, for the State.

6. Possession of recently stolen property as evidence of guilt, see notes in 19 **Ann. Cas.** 1281; 12 **L. R. A. (N. S.)** 199.

Admissibility against defendant of documents or articles taken from him, see notes in 59 **L. R. A.** 467; 8 **L. R. A. (N. S.)** 762; 34 **L. R. A. (N. S.)** 58; **L. R. A.** 1915B, 834; **L. R. A.** 1916E, 715.

See 9 C. J., pp. 1074, 1082; 16 C. J., pp. 877, 878, 881; 17 C. J., p. 264.

ROSS, J.—Upon an information filed by the county attorney of Cochise county defendant Gibson was tried upon a charge of burglarizing the dwelling-house of one W. J. D. Johnson, on or about December 27, 1921. The evidence is uncontradicted that someone pried open a door and entered the Johnson house at about that time, and took therefrom a string of traps, latigoes and cinches off his saddle, some harness, a lot of tools and some groceries, including nine cans of kraut and seven or eight cans of preserves of the Montgomery Ward brand. On February 3, 1922, accompanied by officers armed with a search-warrant, Johnson went to defendant Gibson's home and searched it, finding therein the following articles belonging to Johnson that had been taken from his house in December, 1921, when it was burglarized, to wit: Two (horse) collars, one saddle blanket, two buckskins, and several jars of preserves and cans of kraut of the Montgomery Ward brand.

Johnson, testifying for the prosecution, was shown articles corresponding to those that had been taken from his home, some of which he identified positively as his, and others only as being of the same kind and quality as his. They were all then offered in evidence by the county attorney, to which offer the defendant interposed a general objection. The objection being sustained, the following articles were offered, to wit:

County Attorney: We ask that the cans, the collar, the blanket, the buckskins, and the glass jar be admitted. Not the cans. Just the collars and blanket, the buckskin and the glass jar.

The Court: You withdraw the Montgomery Ward cans? A. Yes, sir.

Defendant's Attorney: We object to the offer of those articles mentioned.

The Court: Objection is overruled. The cans may be removed.

The defendant now contends that the court erred in admitting the said articles, because, he says, they were insufficiently identified to entitle them to be admitted as evidence. It will be noted that his assignment is very much more specific and somewhat broader than his objection at the trial. We have examined Johnson's testimony bearing upon the question of the identity of the articles introduced, and are satisfied that it was sufficiently positive and certain as to description and ownership to permit their introduction in evidence. But if we had any doubt upon that point, still the ruling of the court would have to be sustained, because the objection is too general. It suggested no reason why the evidence was not competent and relevant, or wherein it might in any way prejudice any right of the defendant. The defendant should have specified his ground of objection to the articles offered in evidence and given the court an opportunity to pass upon the same. His general objection was insufficient. *Machomich* v. *Hickey,* 15 Ariz. 421, 140 Pac. 63; *Rush* v. *French,* 1 Ariz. 99, 25 Pac. 816; 38 Cyc. 1378.

There were several articles offered in evidence, and if any of them were properly identified by Johnson the general objection was insufficient. *Arizona Power Co.* v. *Kellam,* 13 Ariz. 291, 114 Pac. 561; 38 Cyc. 1376; 5 Jones on Evidence, 376, § 894.

While Mr. William Short was on the stand testifying on behalf of the prosecution, and after he had stated he was present with Johnson and the officers when the search of defendant's house was made, the following questions and answers were brought out:

Q. What else did you find there that day? A. I found some of my own belongings.

Q. How much? A. Five different articles.

Q. Name them. A. Half a buckskin, an army blouse, a shirt, a pair of pants, and a skinning knife.

Q. Where had they come from? A. My tent had been broken open—

Attorney for Defendant: Objected to.
The Court: Objection sustained.

A motion was also made to strike such testimony, which was denied. This ruling of the court is assigned as error by the defendant, who now contends:

"That the same did not tend to identify any fact or circumstance which could aid in developing the *res gestae,* nor explain any fact or circumstance pertaining to the burglary charged in the information."

That the testimony admitted was incompetent goes without saying. It tended to prove, if anything, a separate and different offense. Just why counsel for defendant remained silent until after it was drawn out by the prosecution we have no way of knowing. Johnson, in his testimony given prior to Short's, made the following statement, without any objection on the part of the defendant:

"I also found a lot of goods belonging to Mr. Short" (meaning he found goods in defendant's house).

Defendant cannot contend that he was surprised, because he had been warned by Johnson's testimony, before Short began to enumerate the different articles that belonged to him found upon defendant's premises. He knew the purport and meaning of the questions propounded by the county attorney, and yet sat silently by. In such case, even though the evidence is incompetent, the defendant should not be permitted, since he acquiesced in its admission, to base error thereon. In the case of *People* v. *Long,* 43 Cal. 444, the court said:

"The practice, whether in civil or criminal cases, of deliberately permitting evidence to be given without objection in the first instance, and then moving to strike it out on grounds which might readily have been availed of to exclude it when offered, is not to be tolerated."

See, also, *People* v. *Rolfe,* 61 Cal. 540; *People* v. *Salorse,* 62 Cal. 139; *Wright* v. *Seymour,* 69 Cal. 122, 10 Pac. 323; *People* v. *Samario,* 84 Cal. 484, 24 Pac. 283; *Walrod* v. *Webster County,* 110 Iowa, 349, 47 L. R. A. 480, 81 N. W. 598; *Rush* v. *French, supra.*

This rule would not apply where the answer of the witness is not responsive to the question. In such case the only way of expunging the incompetent unresponsive answer is by motion, and should generally be granted.

Finally, it is contended that there was no evidence connecting defendant with the commission of the crime charged, except the possession of stolen goods, and such possession is not sufficient to convict, because neither recent nor supported by any other fact or circumstance tending to connect the defendant with the commission of the crime charged. We have carefully read the transcript of the testimony, and while the evidence of defendant's guilt is not in all respects as full, complete and convincing as it might be, it seems to have satisfied the jury of defendant's guilt. There was testimony to the effect that defendant and one Bob Harrington, on or about the twenty-seventh day of December, 1921, were at Mescal, a station on the Southern Pacific Railroad; that they left the station at about 4 o'clock, going in the direction of Johnson's ranch house, some six miles from Mescal. They were seen within a mile and a half or two miles of Johnson's house late that evening. Horse tracks identified as those of the animals ridden by defendant and Harrington were traced to within a short distance of Johnson's house, where the horses were apparently hitched, and men's tracks were seen to proceed from that point in the direction of the Johnson house.

It is true that defendant and Harrington and several other witnesses testified that they were not in

25 Ariz.—16

the neighborhood of the Johnson house at that time. In fact, if the jury believed the testimony of the defense on that point, it would have constituted a complete alibi. It was the province of the jury to decide these conflicting points, and, they having done so against the contention of the defendant, their verdict will have to stand.

The defendant's contention that the only evidence against him was the possession of the goods stolen from Johnson's house, at the time it was burglarized, is not, therefore, in fact wholly correct. The possession of Johnson's goods was a circumstance to be taken into consideration by the jury in determining the guilt or innocence of the defendant, and unless satisfactorily explained it tended to prove the guilt of the defendant. *Quong Yu* v. *Territory,* 12 Ariz. 183, 100 Pac. 462; *Cline* v. *Territory,* 21 Ariz. 554, 192 Pac. 1071. The evidence that Johnson's house had been broken into, and that certain articles taken therefrom were found in defendant's house, was undisputed, and therefore the proof was such that the jury might have found that defendant was guilty of the larceny from the Johnson house, and that in committing that crime he necessarily perpetrated the crime of burglary. *State* v. *Stutches,* 163 Iowa, 4, 144 N. W. 597.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.