## Case No. 15,583.

### UNITED STATES v. LECKIE.

[1 Spr. 227.] [1]

District Court, D. Massachusetts. March, 1854.

CRIMINAL LAW — TRIAL — APPEARANCE BY ATTORNEY.

1. Persons charged with a misdemeanor, may, in the discretion of the court, be allowed to plead and defend, in their absence.

2. The conditions stated, upon which this privilege will generally be allowed.

This was an indictment of [Edmund Leckie] the master of the American bark Ithona, under the act of 1835, c. 40, § 3 [4 Stat. 776], for beating and wounding the second mate. [See Case No. 5,023.] At the arraignment, the counsel for the defendant appeared and

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

offered, as the attorney of the defendant, to enter a plea of not guilty, and claimed the right to have the trial proceed, in the defendant's absence. Proof by affidavit was offered, that the defendant had been obliged to go to sea, a few days before the bill was found by the grand jury, or lose the command of a valuable vessel and be put to great pecuniary loss; and that he had endeavored to obtain the consent of the district attorney to his so doing.

R. H. Dana, Jr., for defendant.—(1) In misdemeanors, the defendant may plead by attorney, and be tried in his absence, by his own consent. 1 Rolle, Abr. 289, "Attorney, F," 3; 1 Bac. Abr. 185, "Attorney B"; Bacon's Case, 1 Lev. 146; Keilw. 165; Reg. v. Tanner, 2 Ld. Raym. 1284; Dyer, 212, 346; Rex v. Haddock, 2 Strange, 1100; Com. Dig. "Attorney, B," 5, 6; Cook's Case, Litt. 2; 1 Chit. Cr. Prac. 411, 436; Fight v. State, 7 Ham. (Ohio) 180; Jacobs v. Com., 5 Serg. & R. 317; Canada v. Com., 9 Dana, 304. (2) The court will follow the practice of the state in which it sits, in doubtful cases, and in cases of discretion. By Rev. St. Mass. c. 137, § 9, such a course of pleading and trial is allowed. At least the authorities show that the court has the discretion to allow such a plea and trial.

. B. F. Hallett, Dist. Atty., said that he would put no obstacle in the way of the defendant, but, on the contrary, was desirous that the court would adopt some rule for the relief of masters and officers, in these cases, which should yet secure the ends of public justice. The court took time for consideration.

At a subsequent day, SPRAGUE, District Judge, said: The party charged with a misdemeanor may, in the discretion of the court, be allowed to plead by attorney, and be tried in his absence. It is often highly proper, that this discretion should be exercised in favor of the accused. As it is very desirable that the rules by which this discretion will be guided, so far as any can be laid down, should be the same in the circuit and district courts, I have consulted with Mr. Justice CURTIS, of the supreme court, and we have concurred in the following:

Where the punishment may be only a fine, and there is no special reason to suppose that imprisonment will be necessary, the court will allow the party charged with a misdemeanor to plead, by an attorney specially authorized thereto, by a power of attorney filed in court; and to be tried in his absence, if the necessity for such absence be made to appear by affidavit, and the district attorney consent thereto. If the district attorney should withhold his consent, without sufficient cause, the court will, notwithstanding such refusal, allow the party to plead and be tried in his absence. Where the punishment must, by law, be imprisonment, or the court

has good reason to believe that it will be their duty, in case of conviction, to inflict that punishment, the court does not think fit to indicate any general rule for allowing the party to plead and defend in his absence, but will exercise its discretion upon the circumstances of each case.