## Kruget v. The State.

1. PLEADING IN CRIMINAL CASES: *The caption.* It is not necessary to follow, literally, the form for the caption to an indictment given in section 166 of the Criminal Code, and the omission of the word "chosen" is not fatal.

    1st. The word "selected," coupled with the word "chosen," in the form, signifies the same.

    2d. The omission of the word "chosen" is of no practical importance, and therefore section 170 requires it to be disregarded.

2. ——: *Assault with intent to kill.* An indictment for an assault with intent to kill, should charge that the assault was made with a weapon, which *ex vi termi ni* imports a deadly weapon, or charge specifically that the weapon was deadly.

3. ——: *Assault and battery.* An indictment alleging an assault of such a character as would support a charge of assault with intent to kill with a wooden club, if it described the club as a deadly weapon, will, when those terms are omitted, support a conviction for assault and battery.

4. PRACTICE IN CRIMINAL CASES: *Arraignment.* In misdemeanors it is sufficient if the counsel of the prisoner waives the reading of the indictment, and enters the plea of not guilty without a formal arraignment.

5. ——: *Jury separating.* It is not error in a case of misdemeanor for the court, having instructed the jury, as is usual, not to hold conversation with any person, to permit the jurors to separate for their meals.

This was a writ of error to the District Court for Washington county. It was an indictment under which the plaintiffs in error were convicted. The facts sufficiently appear in the opinion.

*Geo. W. Doane,* for plaintiff in error.

I. On overruling motion to quash.

1. That the caption is not such as is prescribed by law, in this—that the description of the court is not that of any court created or recognized by law.—*R. S. of Nebraska, p.* 630; 1 *Chitty's Crim. Law,* 327.

2. That the commencement of said indictment is not in

the terms prescribed by the statute in this—that it is not stated that the grand jurors were "*chosen*, selected and sworn," as required by law.—*R. S., p.* 630.

3. That the weapons with which the assault is charged to have been committed, are not of themselves deadly weapons, and are not described in the indictment as such.

4. That the indictment is indefinite and uncertain, in the description of the manner of the commission of the offense as given in said indictment. The holding and using of the weapon is a necessary averment in the indictment, and being such must be technically exact. The charge here is that each of the defendants held a club, either in the hands of the other defendant or of both the defendants. The indictment does not set forth the facts and circumstances which constitute the offense, but only the conclusion of law from the facts to be proved, as that the assault was made "with no considerable provocation and an abandoned and malignant heart."—1. *Whar. Crim. Law,* 372 ; 1. *Arch. Crim. Prac.* 85, 283, 285, 291.

5. That the indictment does not charge that the assault was committed "feloniously." It is admitted that this indictment is framed under the last clause of section 49 of the Criminal Code, which declares the offence to be a felony.

6. That the word "feloniously" is essential to all indictments for felony.—*Whar. Crim. Law, sec.* 364, 366, 375, 399, 402, 1285 ; 1. *Arch. Crim. Prac.,* 85, *note* ; 1. *Chitty's Crim. Law,* 282, 283 ; *Bacon's Abr.* 68, 70, 90 ; 2. *Hawkins' Pleas of the Crown,* 25, *sec.* 10 ; *State* v. *Gore,* 34, *N. H.* 514 ; *Commonwealth* v. *Morse,* 2 *Mass.* 130.

7. That there is no averment of the time and place when and where the weapons were held and used, and it is only by inference that the charge is made that the assault was made with weapons. "Time and place must be attached

to every material fact averred."—1 *Whar. Crim. Law, sec.*
261; 1 *Arch. Crim. Prac. p.* 85, *and note.*

8. That figures in the statement of the date of the
offence vitiate.—*State* v. *Deckins,* 1 *Hayw.* 406; *State* v.
*Lane,* 4 *Iredell,* 114; *Finch* v. *State,* 6 *Blackf.* 533; *State*
v. *Seamons,* 1 *Greene's Iowa,* 418; *Chambers* v. *The Peo-
ple,* 4 *Scam.* 351; *Berrian* v. *State,* 2 *Zabriskei,* 9; 1
*Leading Crim. Cases, p.* 500; *State* v. *Voshall,* 4 *Ind.* 590.

II. That the defendants were put upon their trial with-
out first having been arraigned.—1 *Chitty's Crim. Law,*
*marg. p.* 414.

That an arraignment is necessary, and its omission a
sufficient ground for reversing the judgment.—1 *Chitty's*
*Crim. Law,* 419; 4 *Black. Com.* 375. Our statute has
only so far changed this as to provide in section 188 of the
Criminal Code, that a plea may be entered either in person
or by counsel; but that this was not intended to dispense
with the arraignment, is shown by the last clause of the
same section, providing the manner in which the omission
of the record of the "arraignment and plea" may be sup-
plied; showing that both were essential, and that only the
plea was provided to be made by counsel.

III. That a verdict and judgment for a misdemeanor,
cannot be sustained under an indictment for felony.—*Whar.*
*Crim. Law,* 388, 400; *Commonwealth* v. *Roby,* 12 *Pick.*
496; *Same* v. *Newell,* 7 *Mass.* 244; *Ross* v. *State,* 1 *Blackf.*
391.

That our courts are governed by the common law in that
respect.—*Rev. Stat. sec.* 195, *p.* 637.

There should be something like legal precision and ac-
curacy required in criminal pleading; and when an indict-
ment is so defective in every *material* respect, as well as
in its formal parts, as that not even the nature of the
offence charged or the manner of its commission are tech-
nically, clearly, or even *grammatically* stated, it would

seem that the liberality of construction so often extended to criminal pleadings and pleaders, could hardly, in justice to the proper legal rules of construction, reach so far as to cover the defects of this indictment and the judgment rendered under the finding of the jury under it.

*E. F. Gray*, for the State.

The indictment charges the assault with intent to commit a felonious bodily injury, while the assault itself is not charged to have been committed feloniously. At common law this assault was only a misdemeanor. Our statute makes it a felony, but gives it no penalty or characteristic of a felony to make it differ from what the offence was at common law. There is no disability or exclusion from any privilege incident to this offence, either in the trial or resulting from the judgment and conviction, different from what there would be if called a misdemeanor by the statute.

The word felony is then meaningless within the act, and would be meaningless in charging the assault.

Besides, section 166 of the Criminal Code provides that every indictment shall be deemed sufficiently technical which states the offence in the terms and language of the statute. This offence is stated in the language of the statute creating it. The refusal of the court to quash an indictment cannot be assigned as error.—1 *Archbold*, 723.

But were the indictment had for the assault with intent to commit a bodily injury, assault and battery is well charged within the indictment, and the same is good for the assault and battery, if not for the other.—*The People* v. *White*, 22 *Wendell*, 176 ; *Stewart* v. *The State*, 5 *Ohio*, 241 ; 1 *Archbold Prac.* 606, *note* 1.

As to the conviction for an offence less than that charged. The assault and battery being charged in the indictment, and being one of the constituents of the full offence and

KRUGER v. THE STATE.

of the same generic character, the conviction is good.—
*The People* v. *White*, 22 *Wend.* 177 ; 24 *Vermont*, 129 ; 9
*Iredell*, *N. C.* 415 ; 2 *Arch. Prac.* 74.

LAKE, J.

William and Christopher Kruger were convicted in the
court below, of assault and battery, and each sentenced to
pay a fine of one hundred dollars and costs. The case is
brought here by proceedings in error to reverse this judg-
ment.

It is objected that the court erred in overruling the
motion to quash the indictment, and herein it is claimed
that the commencement or caption is defective because of
the omission of the word "chosen," which we find in the
form given in section 166 of the Criminal Code. But it
must be borne in mind that the statute does not require a
literal copying of this form into the indictment, but that
it shall be substantially followed. We think there has
been a substantial compliance with the requirements of this
section, which is all that is necessary. The caption states
that the grand jurors were "selected." The words,
"chosen" and "selected," have, in common parlance, the
same meaning. They are used synonymously by the best
writers and speakers. The use of both words in this con-
nection would be mere tautology, a needless repetition of
the same thing. Section 170 of the Criminal Code, pro-
vides that "no motion in arrest of judgment, or writ of
error, shall be sustained for any matter not affecting the
real merits of the offence charged in the indictment." Now
I am quite certain that if the commencement to this indict-
ment be tested by the sensible rule here laid down, it will
bear the closest scrutiny. The omission of this word is of
no importance, and I can but regard the objection urged
as merely technical.

[S. C. N.]            24

KRUGER v. THE STATE.

It is further objected, as ground of error, that the defendants were put upon trial without being first personally arraigned and required to plead to the indictment. It is admitted that they were in court when their counsel, as is usual in cases of mere misdemeanor, on their behalf, waived the reading of the indictment and interposed the plea of not guilty. This the law permits.—*Sec.* 188 *of the Criminal Code.*

The record shows, that during the progress of the trial, the jury were permitted to separate for the purpose of getting their meals and during the adjournments for the night. In this it is insisted there is error. There is no force in this objection. There is no law requiring the jury to be kept together at such times, nor has it been the practice in this State to do so, on the trial of any but capital cases. It is left entirely to the discretion of the judge presiding at the trial of cases not capital, to determine whether the circumstances surrounding it, are such as require the jury to be kept together until the termination of the trial; and where there is no abuse of this discretion shown, it will not be interfered with. It is usual in case of separation, however, for the court to instruct the jury to hold no conversation with any person respecting the case, which admonition was given by the court below, and this caution is usually considered a sufficient protection against any outside influence.—*McCreary* y. *Commonwealth,* 5 *Casey,* 323; 1 *Bishop Crim. Prac.* 824.

It is true, doubtless, that the indictment in this case was based upon the second clause of section 49 of the Criminal Code, that by it the pleader intended to charge the defendants with a felonious assault, which would subject them to a fine, if guilty, not exceeding a thousand dollars and imprisonment in the county jail for a term not longer than one year. This was undoubtedly the theory of the case, as understood by both parties. This indictment is mani-

festly inadequate to sustain a conviction for a felony under the clause of the section last referred to. It fails to charge that the weapons, with which the defendants made the assault, were "deadly." Neither does the name given to them import that they were such. They are simply described as being "weapons, to wit, wooden clubs."

To warrant a conviction under this section, it is neces-sary that the assault be made with a deadly weapon, or with some other instrument or thing, fitted to occasion death, in the use to which it is put. If it be a weapon, the ordinary name of which, *ex vi termini*, imports its deadly character, *e. g.*, a sword, gun or pistol, it would be sufficient to describe it by such name; but in other cases the instrument or thing used, should be described and charged to be deadly. But while this indictment is defective for the purpose intended, it is good as one for an assault and battery merely. It charges an unlawful and outrageous beating of the prosecuting witness by the defendants, with much greater minuteness than is necessary in an indictment for an assault and battery. Whatever is charged that is unnecessary may be disregarded. Mere surplusage in an indictment will not vitiate it. And therefore where it alleges facts which constitute a misdemeanor it is good for that offence, although it state other additional facts which go to constitute a felony, provided all the facts alleged fall short of the charge of felony. Although an attempt was thus made to charge the defendants with a felonious assault, we have before remarked that by omission of the word "deadly" in the description of the weapons used, it falls short of charging that offence, but does charge an assault and battery of which the jury found the defendants guilty. The indictment is ample to sustain the verdict rendered.

There is no complaint urged here that the evidence given upon the trial did not fully warrant the conclusion

at which the jury arrived. It is true that one of the grounds of the motion in arrest of judgment is that the verdict was against the weight of the evidence, but none of the testimony is preserved and this point cannot be considered at this time. I infer, however, that the evidence fully sustained the verdict and that no injustice was done to the defendants.

Several other errors are assigned, predicated however upon the insufficiency of the indictment to charge a felonious assault. Holding the indictment good for assault and battery disposes of these objections, and renders a further consideration of them unnecessary.

No substantial error appearing in this record, the judgment of the District Court must be affirmed.

Judgment affirmed.