CASE 38—INDICTMENT—OCTOBER 29.

## Commonwealth v. Neat.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. JUDGMENT BY DEFAULT IN CRIMINAL CASE.—A judgment by default may be rendered upon an indictment for a misdemeanor, and where the punishment for the offense is definitely fixed by statute the Commonwealth is entitled to judgment without the intervention of a jury.

2. PUNISHMENT AT HARD LABOR FOR NON-PAYMENT OF FINE.—The statute which provides for putting the defendant at hard labor for non-payment of a fine applies only to .offenses for which penalties are prescribed by chapter 29 of the General Statutes.

P. W. HARDIN, ATTORNEY-GENERAL, AND FINLEY SHUCK FOR APPELLANT.

1. The Commonwealth was entitled to a judgment by default. (Commonwealth v. Cheek, 1 Duv., 26.)

2. The act of April 10, 1878, authorizing a jury to provide for punishishment at hard labor for the failure to pay a fine is not a discrimination against the poor, and violates no provision of the Constitution.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

A misdemeanor may be tried in the absence of the accused. (Criminal Code, section 184.) Any plea, save that of "guilty," may be entered by his counsel, and his defense conducted without his presence. (Johnson v. Commonwealth, 1 Duvall, 244.) It is only upon an indictment for a felony that an arraignment must be

had or dispensed with by his consent. (Code, section 155.) Upon the call of an indictment for a misdemeanor for trial, he must either move to set it aside or plead to it. (Code, section 157.) If he fail to do so, then section 171 of the Code provides that "final judgment shall be entered against him, and, if necessary, a jury empaneled to fix the punishment."

These statutory provisions show that if, upon the call of an indictment for a misdemeanor for trial, the defendant neither moves to set aside the indictment nor pleads thereto, he becomes liable to judgment by default. Such a failure operates as a confession of the facts charged, and in such a case final judgment should be entered against him, unless the punishment be not definitely fixed by statute, and it, therefore, becomes necessary to empanel a jury merely to do so.

The provisions of the former Criminal Code upon this subject were substantially similar to those of the present one, and it was decided in the case of the Commonwealth v. Cheek, 1 Duvall, 26, that a judgment could be rendered by default upon an indictment for a misdemeanor.

This indictment is for betting on an election. The punishment fixed by statute is a fine of one hundred dollars. (General Statutes, page 695.) It is a certain sum. It is definitely fixed, and the lower court should, therefore, have sustained the motion of the prosecuting attorney, and, without the intervention of a jury, rendered a judgment for it, instead of *sponte sua* entering a plea of "not guilty" for the defendant, resulting in his acquittal under a peremptory instruction, as the State declined to offer any evidence. Its motion to

empanel a jury to fix the punishment was improper. It was made, doubtless, under the impression that the act of the Legislature of April 10, 1878, and which is sometimes called "the working statute," applied to such a case.

The second section of it provides: "If a part or all of the penalty for a misdemeanor, prescribed in *said chapter* (twenty-nine) of the General Statutes, be a fine, it shall be in the discretion of a jury fixing the amount of the fine to say in its verdict whether, if the fine and costs are not immediately paid or replevied by the defendant, he shall be put at hard labor in lieu of imprisonment for non-payment of the fine."   *   *   * (General Statutes, page 464.)

The language of this statute appears to confine its operation to cases where the jury fixes the amount of the fine, and it, beyond question, is limited to penalties prescribed by chapter 29, title "Crimes and Punishments," of the General Statutes.   The title of it is "An act to amend *chapter 29* of General Statutes, entitled 'Crimes and Punishments.'"   The body of the act, in both the first and second sections, also expressly limits its application to penalties prescribed by that chapter.   Whether this was intentional or through mistake upon the part of the Legislature is not our province to inquire.   We must administer the law as we find it.

The penalty for betting on an election is not prescribed by chapter 29, but by chapter 47, of the General Statutes.   Many of our statutory penalties are found elsewhere in our statutes than in chapter 29.

It results that the statute above cited is not appli-

cable to this case, and, therefore, if there be any question as to its constitutionality, it does not now arise.

The judgment is reversed, with directions for a new trial, and further proceedings consistent with this opinion.