Points Decided.

(October 31, 1921.)

## STATE, Respondent, v. HENRY T. POYNTER, Appellant.

[205 Pac. 561.]

PLEA OF GUILTY—WAIVER—FORMER JUDGMENT—VALIDITY.

1. If a defendant authorizes his counsel to enter a plea of guilty for him in his absence, but is present in person when judgment is pronounced and is then advised by the court that he has pleaded guilty, and when asked if he has any legal cause to show why judgment should not be pronounced against him answers that he has none, such defendant cannot successfully attack such judgment after he has acquiesced in it for two years, especially when such attack is made to enable him to escape the consequences of another crime of which he has been convicted. Such acquiescence is a waiver of the right to plead guilty in person as provided by C. S., sec. 8881.

2. *Held,* in this case, that the failure of the court to impose imprisonment in addition to the fine did not invalidate the former judgment, the fine being within the jurisdiction of the court.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robt. M. Terrell, Judge.

Appellant was convicted of the crime of being a persistent violator of the prohibitory law. *Affirmed.*

J. M. Stevens, William Edens and W. H. Anderson, for Appellant.

The court had absolutely no jurisdiction to render the judgment in the former case which it did. (*Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197.)

Publisher's Note.

1. Waiver by accused of right of arraignment, see note in **Ann. Cas.** 1917D, 829.

Then the judgment in that case is void. If the judgment was void, it was not a prior conviction, and would not authorize the conviction of this defendant, as a persistent violator, of a felony.

No one can plead guilty for a defendant in a criminal case. (C. S., sec. 8881.)

Roy L. Black, Attorney General, Clarence S. Hill and Jas. L. Boone, Assistants, for Respondent.

Where one is charged with a misdemeanor, he may appear and plead on arraignment by counsel. (C. S., secs. 8848, 8860.)

Where the statute requires the court to impose a sentence upon conviction of both fine and imprisonment and the court only imposes a sentence of imprisonment, the failure to comply with such law is not grounds for reversal. (*Bartholomew v. United States,* 177 Fed. 902, 101 C. C. A. 182; Id., 217 U. S. 608, 30 Sup. Ct. 697, 54 L. ed. 901.)

Even though an error is committed, it will not be grounds for reversal unless it has prejudiced the defendant in some substantial right. (C. S., secs. 9084, 9191.)

DUNN, J.—Appellant was charged by the prosecuting attorney of Bannock county of the crime of being a persistent violator of the prohibitory law of this state and on trial was convicted and sentenced to serve a term of not less than one nor more than two years in the state penitentiary. He has appealed from said judgment.

The statute under which appellant was charged and convicted reads as follows:

"Sec. 2625. Punishment for Second Offense. A person having once been convicted of a violation of any of the provisions of this article except section 2622, who thereafter violates the provisions hereof, shall be considered a persistent violator of this article and shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not less than one year and not more than two years."

The information charged that on or about the eighteenth day of May, 1918, appellant wilfully and unlawfully transported certain intoxicating liquors in said county, and further charged that prior to the commission of said offense the appellant was on March 9, 1917, in the district court of said county, convicted on a plea of guilty of the crime of transporting intoxicating liquor in said county and that the judgment of said court against appellant on said conviction was pronounced and rendered on said ninth day of March, 1917.

The first assignment of error that requires notice is based upon the court's denying appellant's motion to dismiss the action and discharge the appellant, for the reason that appellant was not tried at the first term of court after the filing of the information. Appellant relies on the following statute:

"Sec. 9176. When Action may be Dismissed. The court unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases : . . . .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

No exception was taken by appellant to this ruling of the court. Subsequently when the court was about to call a jury for the trial of the case appellant sought to renew the motion to dismiss and this application was by the court denied, to which ruling appellant excepted, but nothing is brought here in the record upon which this court can hold that error was committed by the trial court.

Appellant also complains because the deputy sheriff who arrested him about 11 o'clock at night while appellant, according to the testimony of the deputy sheriff, was in the act of unloading several cases of whisky from his automobile, was permitted to testify for what purpose he was in the alley where the arrest was made, and also because the court permitted the said deputy sheriff and the sheriff

to testify that at the time of the arrest appellant did not deny that the whisky was his. In answer to the question as to the purpose of his being in the alley, the deputy sheriff simply said that he was "waiting for a party to drive up there." Evidently he had heard something that led him to believe that by waiting at that point he might be able to discover the commission of a crime, but there was no testimony as to what information he had or from whom he had received it. The question and answer were proper. We know of no rule of evidence that would exclude testimony as to the conduct of defendant at the time of his arrest, when for the first time he was confronted with the criminal charge.

In *Musfelt v. State,* 64 Neb. 445, 90 N. W. 237, at page 238, the court says:

"Not only were the actions of the parties in their relation to each other a proper subject for inquiry, and the introduction of evidence thereon, but their demeanor and conduct when accused, while not under restraint, as well as what they say, or their silence, may be shown in evidence as inculpatory circumstances to be weighed and considered by the jury in determining the truth of the charge preferred against them."

See, also, *State v. Hill,* 134 Mo. 663, 36 S. W. 223, at page 225; *Kelley v. People,* 55 N. Y. 565, 14 Am. Rep. 342; *People v. Byrne,* 160 Cal. 217, 116 Pac. 521; *State v. Mortensen,* 26 Utah, 312, 73 Pac. 562, 633; Underhill's Cr. Ev., sec. 122; Greenleaf on Evidence, sec. 197.

The most serious contention of appellant for a reversal of the judgment is based upon the former conviction alleged in the complaint, his contention being that said judgment is void; first, because the plea of guilty in that case was not entered by the appellant in person, but by counsel; and, second, because the judgment therein imposed a fine only when it should have imposed, in addition to the fine, imprisonment in the county jail.

C. S., sec. 8848, provides that if the indictment is for a felony, the defendant must be personally present, but

if for a misdemeanor he may appear upon the arraignment by counsel. The arraignment consists in reading the indictment or information to the defendant and delivering to him a copy thereof and asking him whether he pleads guilty or not guilty to such indictment or information.

Sec. 8881 provides that a plea of guilty can be put in by the defendant himself only in open court unless the indictment or information is against a corporation, in which case it may be put in by counsel.

The statutes above quoted appear to be somewhat in conflict as to the manner in which a plea of guilty may be put in by a defendant charged with a misdemeanor. Assuming, however, that it is the intention of the law of this state that a plea of guilty shall be entered only by the defendant himself, it does not follow that he may not waive such right. The purpose of that statute is to prevent the entry of a plea of guilty, except under circumstances making it perfectly clear to the court that a defendant enters such plea voluntarily, that he understands the full significance of his plea of guilty and, with such understanding, is willing to take the consequences of such plea. And if a defendant (as we have a right to assume from the record was done in this case) has expressly authorized his counsel to withdraw his plea of not guilty and, in the absence of the defendant, to enter for him a plea of guilty, and it does not appear to the court that he was in any sense misled, or that he was induced in any way to enter a plea of guilty when he did not intend to do so, what sound reason can be found for holding that he has not waived his right to plead guilty in person, or for permitting him to assert that such plea was not a valid one under the law?

An instructive case holding that a defendant may waive his right to plead in a particular manner is that of *State v. Blake,* 5 Wyo. 107, 38 Pac. 354. In that case John C. Conway, who was indicted for murder in the first degree, appears to have pleaded not guilty. On the trial the plea was withdrawn and a plea of guilty of murder

in the second degree was accepted; and on this he was sentenced. He set up the claim that, not having orally pleaded guilty, the plea was void and asked a writ of *mandamus* requiring the trial judge to insert in the bill of exceptions an affidavit tending to support a motion to amend the record. He also applied for a writ of error. The writ of *mandamus* was denied and the petition for a writ of error dismissed. Stated as briefly as possible, the facts with regard to the plea of guilty are as follows:

"That during the trial of the cause the leading attorney for the defense suddenly left the county without notice, and was found to have abandoned the cause. At the urgent request of the other attorneys for the defendant, the court appointed an attorney to assist them, who acted with them until sentence was pronounced. After the prosecution had introduced its testimony in chief and rested, counsel for the defendant requested time for consultation, which was granted, and the judge of the court was informed that a conference between opposing counsel was called to act upon a proposition of the defendant to plead guilty to murder in the second degree. The attorney appointed by the court to assist counsel for defendant informed the court that there was practically no testimony on behalf of the defendant which would affect the evidence for the prosecution, and that the defendant ought to plead guilty to murder in the second degree, and would do so. The judge consented that this plea might be entered at the opening of the court on the following morning as the evidence, in the opinion of the judge, was sufficient to warrant a conviction of such a crime; and on the following day, in the presence of the court, the defendant, and his counsel, the attorney under special appointment of the court for the defendant, stated to the court his reasons for the withdrawal of the plea and the substitution of the one agreed upon. At the close of his remarks the judge of the court said: 'Does the defendant withdraw his plea of not guilty, and enter a plea of guilty of murder in the second degree?' The defendant was sitting with his face turned toward the

judge and was 'sobbing and weeping to an unusual degree.' When his attorney said that such was the plea, the defendant 'nodded his head.' The plea was then formally accepted by the court, and the jury was discharged. No objection was made to the action of the court in this regard, but exceptions were timely interposed and reserved to the subsequent adverse rulings of the court on the various motions to amend the record and on the motion for arrest of judgment.''

In discussing this case the supreme court of Wyoming says:

''According to the statement of the judge, the defendant inclined or 'nodded' his head in response to the question put by the court asking if he desired to withdraw his plea of not guilty and plead guilty to murder in the second degree. The affidavits presented to the court state that the defendant made no personal plea and was asked nothing by the court except as to his age, to which he replied, 'Twenty-nine, going on thirty.' They do not state that the defendant misunderstood the proceedings of the court, or was misled by anything that was said or done by his counsel or the court; neither is there any intimation that counsel had no authority to act for defendant. It is certain that no objection was interposed to the action of the court in accepting the plea and discharging the jury. . . . .

''It might well be held that the defendant waived his rights, even if he did not make a personal plea upon the withdrawal of his former plea, by his failure to object at the proper time to the proceedings of the court. Waiver is analogous to estoppel, and applies to criminal as well as to civil proceedings. Says Mr. Bishop: 'If the defendant has consented to any step in the proceedings, or if it has been taken at his request, or if he did not object to it at the proper time when he might, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory, or common-law rights.' 1 Bish. Cr. Proc. (3d ed.), 118.''

In this case the record shows that on Feb. 21, 1917, C. D. Smith, counsel for appellant, entered for appellant a plea of not guilty to the information, and that on Feb. 26, 1917, the same counsel withdrew the plea of not guilty and entered for appellant a plea of guilty as charged.

The record does not affirmatively show that appellant was present when his counsel entered for him the plea of guilty, but it nowhere appears affirmatively in the record that he was not present. Neither does it appear anywhere in the record that the plea of guilty was not entered by appellant's counsel by his express authority. Surely, in the effort to have the judgment based upon that plea declared void, if it could truthfully be claimed that such authority was not given we would be confronted with that claim. No such claim being made, we assume that the plea was expressly authorized by appellant. If authorized by him, why should he be heard to complain almost two years after the former judgment, especially since the complaint did not come until he was caught in the commission of another crime?

On March 9, 1917, the record shows the following proceedings at the time judgment was pronounced by the late Judge Guheen:

"Now, on this 9th day of March, 1917, the County Prosecuting Attorney, with the defendant came into Court. The defendant was duly informed by the Court of the nature of the information found against him for the crime of Transporting Liquor in a Prohibition District Committed on the 24th day of January, 1917, of his arraignment and plea of Guilty as charged on the 9th day of March, 1917. The defendant was then asked by the Court if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. And no sufficient cause being shown or appearing to the court:

"Now, therefore, The said defendant having been convicted of the crime of Transporting Liquor in a Prohibition District, it is hereby ordered, considered and adjudged that the said defendant, Henry Poynter, be fined in the sum of $300.00 and in the default of the payment of said fine

that he be confined in the County Jail of Bannock County at the rate of one day for each $2.00 that remains unpaid."

It will thus be seen that if the defendant was not present at the time this plea of guilty was entered by his counsel, and if he did not at that time personally assent to such plea, he was on March 9, 1917, personally present in court and was advised by the court that he had entered a plea of guilty to this information and at that time, after having been asked by the court if he had any legal cause to show why judgment should not be pronounced against him, he replied that he had none. If, as we hold, the right to enter this plea of guilty in person can be waived by defendant, certainly the failure of defendant to object when the opportunity was given to him by the court at the time judgment was pronounced ought to be regarded as a waiver of such right.

It has been repeatedly held that the right of a defendant to be arraigned and enter his plea was waived by his proceeding to trial without objection, where it appeared that in such trial he was accorded every right that he could have had under a plea of not guilty. Many cases to this effect are collected in the notes under *State v. Walton,* 50 Or. 142, 91 Pac. 490, 13 L. R. A., N. S., 811, 813, and *Hack v. State,* 141 Wis. 346, 124 N. W. 492, 45 L. R. A., N. S., 664.

But, assuming for the moment that the right cannot be waived, there is no law that requires the plea of guilty to be entered only at the time of formal arraignment. It frequently happens that during the progress of the trial of a defendant on a plea of not guilty before the trial is ended the defendant signifies a desire to withdraw the plea of not guilty and enter a plea of guilty, and we have never heard it questioned that valid entry of such a plea could be had at such time. When the defendant was present in person at the pronouncing of judgment and was informed by the court that he had pleaded guilty to the charge of transporting liquor and was asked by the court if he had any legal cause to show why judgment should not be pro-

nounced against him and he replied that he had none, we think that answer might, in every substantial particular, be properly regarded as a plea of guilty in person.

No question was raised in any manner by this appellant as to the validity of the plea entered for him in February, 1917, until January, 1919, when he was brought to trial for the commission of another offense and was confronted with a term in the penitentiary. The former judgment provided for imprisonment in the county jail in case his fine was not paid, and there can be little, if any, doubt that he further assented to said judgment by prompt payment.

The contention of appellant that the former judgment is void because the trial court inadvertently omitted to give him at least 30 days' imprisonment in the county jail in addition to the fine imposed is appropriately answered by the language of the circuit court of appeals holding such a judgment valid:

"One other supposed error is relied upon, which is that the court did not impose a fine in addition to the imprisonment. The counsel point to the letter of the statute which reads that the punishment shall be by fine and imprisonment. We think it is clear from the context that 'and' was used in the sense of 'or,' but if not the defendant is not harmed by this omission and the punishment imposed. An adherence to the letter of the statute, as the defendant claims should have been done, would only add to the penalty and his complaint in that regard is absurd." (*Bartholomew v. United States,* 177 Fed. 902, at page 906, 101 C. C. A. 182.)

No specification has been made in appellant's brief of the particulars in which it is claimed that the evidence is insufficient· to support the verdict. For this reason this alleged error is not before us. We have examined the other errors so far as they have been properly presented to this court and think they are without merit.

The provisions of C. S., secs. 9084 and 9191, as to technical errors and defects not affecting the substantial rights

of the parties require that the judgment of the trial court be affirmed, and it is so ordered.

McCarthy, J., concurs.

RICE, C. J., Concurring.—The principal question presented by the record relates to the sufficiency of the proof of the former conviction of defendant. The question arose upon an objection to the admission in evidence of a certified copy of the former judgment of conviction, upon the ground that the record offered showed that a plea of guilty had been entered by an attorney and not by the defendant in person.

I think the judgment was properly admitted. A judgment cannot be collaterally impeached in this manner. It appears that the court had jurisdiction of the person and subject matter, and power to render the particular judgment in question. The inquiry ends at that point. In order for the objection to be good, the judgment must have been, not erroneous, but absolutely void. The court had power to enter judgment of conviction upon a plea of guilty. It therefore necessarily had to determine whether a plea of guilty had in effect been entered. If the court was wrong in its decision, it committed error, and the judgment would be erroneous but not void. Even if it be conceded that under the statute a plea of guilty to a misdemeanor charge must be made by the defendant in person and not by his attorney, the moment it is granted that the defendant could have consented to the plea being made by his attorney, or have ratified the action of his attorney, or in any manner whatever have waived the erroneous entry of his plea, it becomes apparent that the question presented is whether the court erred. No such question can be considered on collateral attack. Such questions can only be considered by an appellate tribunal with power to correct errors, and usually cannot be decided upon the judgment-roll alone. Since the trial court could not properly go behind the judgment of conviction in the former case to determine whether the

proceedings leading up to it were regular, the question as to whether or not error was committed by the court in entering judgment in the former case is not open for consideration in this court, for we are only reviewing the action of the trial court in admitting the evidence.

I do not think the other errors assigned by appellant justify a reversal. I therefore concur in the affirmance of the judgment.

BUDGE, J., Concurring Specially.—Appellant was charged with being a persistent violator of the prohibition law. This appeal is from a judgment of conviction.

Appellant makes eleven assignments of error. In his seventh assignment of error, he complains of the action of the trial court in admitting in evidence the record of a former conviction of a violation of the prohibition law, for the reason that the judgment imposed a fine only, and that appellant was not present when a plea of guilty was received by the court and entered therein.

As to the first point, the judgment was not invalid by reason of the fact that the court imposed a fine only, although the statute provides for the imposition of both a fine and imprisonment. (C. S., sec. 2624.)

In *Bartholomew v. United States,* 177 Fed. 902, at p. 906, 101 C. C. A. 182, the court said: ''One other supposed error is relied upon, which is that the court did not impose a fine in addition to the imprisonment. Counsel point to the letter of the statute which reads that the punishment shall be by fine and imprisonment. We think it clear from the context that 'and' was used in the sense of 'or,' but if not the defendant is not harmed by the omission and the punishment imposed. An adherence to the letter of the statute, as the defendant claims should have been done, would only add to the penalty and his complaint in that regard is absurd.''

The reasoning of the federal court is applicable to and decisive of the question here raised, and this court should not countenance the complaint of one convicted of crime that

the court below did not inflict upon him the full measure of punishment which the law justifies.

It appears that in connection with appellant's former conviction, he appeared upon the arraignment by counsel, and entered a plea of not guilty; that his counsel thereafter withdrew the plea of not guilty and entered a plea of guilty as charged; that appellant was subsequently brought before the court for sentence, whereupon the court duly informed him of the nature of the information found against him, for the crime of transporting intoxicating liquor in a prohibition district, of his arraignment and plea of guilty, and then asked him if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none, whereupon he was sentenced to pay, and paid, a fine.

C. S., sec. 8881, provides that: "A plea of guilty can be put in by the defendant himself only in open court. . . . . "

In a misdemeanor case the defendant may appear upon the arraignment by counsel (C. S., sec. 8848); the arraignment includes the asking of defendant by the court whether he pleads guilty or not guilty to the information (C. S., sec. 8860), and furthermore, the trial may be had, and the judgment pronounced, in the absence of defendant. (C. S., secs. 8905 and 9025.)

The question then arises, where a plea of guilty has been made by defendant's counsel, in a misdemeanor case, may the defendant waive the provision of the statute that a plea of guilty can be put in by the defendant himself only in open court, and if so, whether the appellant waived such provision in this case.

The California Penal Code contains provisions almost identical with the sections of our statute above cited. (Cal. Pen. Code, secs. 977, 988, 1018 and 1043.) In the case of *People v. Ebner,* 23 Cal. 158, the California court held that: "In an indictment for a misdemeanor, if the defendant appear and offer to plead by attorney, the court has no power to enter his default and declare his recognizance forfeited." And in *People v. Redinger,* 55 Cal. 290, at 298,

36 Am. Rep. 32, it was said that: "The defendant is arraigned in person and pleads in person, unless in case of misdemeanor." *Quaere,* Is it essential to a valid judgment in a misdemeanor case that he be arraigned in person and plead in person?

In *Sperry v. Commonwealth,* 9 Leigh (Va.), 623, 33 Am. Dec. 261, it is held that in prosecutions for felony the accused must be arraigned and plead in person; and in all subsequent proceedings he must appear in person, not by attorney. Defendant's personal appearance is sometimes rendered unnecessary by statute and a provision made that he may, in misdemeanors, appear by counsel. (*People v. Ebner, supra.*) But in the absence of the statute, the attorney's plea in misdemeanors is allowed only in the court's discretion. (*United States v. Leckie,* 1 Sprague, 227, Fed. Cas. No. 15,583; *People v. Petry,* 2 Hilt. (N. Y.) 523; *Ex parte Tracy,* 25 Vt. 93.)

In *People v. Osterhout,* 34 Hun (N. Y.), 260, the subject was treated thus: "The defect is merely technical, affecting no substantial right whatever. Nor may this court on appeal regard technical errors or defects or exceptions which do not affect substantial rights. (Referring to a statute similar to our C. S., sec. 9084.) If this section is to have any meaning at all it applies exactly to a case like the present. Everyone who knows anything of a criminal trial must see that the omission did the defendant no harm. Where the prisoner appears with his own counsel, the omission formally to arraign and ask for a plea is immaterial to his rights and may be deemed to be waived."

*People v. Bradner,* 107 N. Y. 1, 13 N. E. 87, is to the same effect: "A formal plea of not guilty is not necessary to put the defendant on trial." Further, in effect, going to trial as if an issue were formed, all participants acting as if all formalities had been complied with, is equivalent to arraignment and plea. "It would be sacrificing substance to form not to give effect to the transaction according to the plain understanding of the court and the parties."

In *State v. Cassady,* 12 Kan. 550, it was conceded that the absence of a plea formally joining issue was fatal to a conviction at common law, but, said the court, "Under our statutes we think a different rule must obtain."

The case of *State v. Straub,* 16 Wash. 111, 47 Pac. 227, is significant in that it was a capital case. Acknowledging fully the common-law rule, the court said: "We think, under the system adopted by the code in this state (which is substantially the same as ours), that such an omission is purely technical, that it does not affect any of the substantial rights of the defendant, and that, if otherwise properly convicted, the judgment should not be reversed. Indeed this is the holding of many modern courts under statutes similar to ours." (*State v. Hamshaw,* 61 Wash. 390, 112 Pac. 379.)

In *Hudson v. State,* 117 Ga. 704, 45 S. E. 66, the court said, substantially, a person who goes to trial without a formal plea, but in all respects as if one had been entered, and has had the benefit of the presumption of innocence, cannot thereafter take advantage of what he thus waives. He is not prejudiced in any right.

See, also, *Commonwealth v. Neat,* 89 Ky. 241, 12 S. W. 256; *Kruger v. State,* 1 Neb. 365; *Johnson v. People,* 22 Ill. 314; *Payne v. Commonwealth,* 16 Ky. L. Rep. 839, 30 S. W. 416; *Warren v. State,* 19 Ark. 214, 68 Am. Dec. 214; *Sweeden v. State,* 19 Ark. 205; *United States v. Mayo,* 1 Curt. C. C. 433, Fed. Cas. No. 15,754.

In *Hack v. State,* 141 Wis. 346, 124 N. W. 492, 45 L. R. A., N. S., 664, the court said:

"By a singular oversight the defendant was not formally arraigned in the circuit court, and never pleaded to the information. An information in due form was filed; the jury was called and sworn; witnesses for both the state and the defendant were examined and cross-examined; the jury was charged by the court, and rendered its verdict, in all respects as though issue had been formally joined. . . . . He knew perfectly well the offense with which he was

charged, and was allowed to make his defense just as fully and effectively as if a plea of not guilty had been made, and the question now is whether the inadvertent omission of arraignment and plea, which has not in the least affected any substantial right of the defendant, should be held fatal to the judgment. . . . . The principle now declared is that the right of arraignment and plea will be waived by the defendant by his silence when he ought to demand it, in all cases (except capital cases) where it appears that he is fully informed as to the charge against him, and is not otherwise prejudiced in the trial of the case by the omission of that formality.   Other code states so hold."

In *Hobbs v. State*, 86 Ark. 360, 111 S. W. 264, the court held that, even without a formal waiver of arraignment, a judgment would not be reversed, "if the record shows that the defendant received every right which he would have received had he been duly arraigned." (*Davidson v. State*, 108 Ark. 191, Ann. Cas. 1915B, 436, 158 S. W. 1103.)

Any right to demand an arraignment by one charged with a misdemeanor is waived by participating in the trial in the usual way without objection. (*State v. Brock*, 61 S. C. 141, 39 S. E. 359.)   The right of formal arraignment and plea will be conclusively considered as waived where the defendant goes to trial before the jury on the merits, and fails until after verdict to bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment. (*Waller v. State*, 2 Ga. App. 636, 58 S. E. 1106.)

In *Crain v. United States*, 162 U. S. 625, 16 Sup. Ct. 952, 40 L. ed. 1097, the authorities are reviewed, and the doctrine contended for by the appellant fully sustained by a divided court.   It is held in that case that arraignment and plea are essential to due process of law, guaranteed to the citizen by the fourteenth amendment.   A state could not, therefore, pass a law providing for trial without arraignment or plea, but that does not necessarily affect the question whether a citizen may not effectually waive that right.   Thus an ac-

cused person has the absolute constitutional right to a trial by jury. Yet this right may be waived.

In the case of *In re Staff*, 63 Wis. 285, 53 Am. Rep. 285, 23 N. W. 587, it was held that a statute permitting a defendant to waive a jury trial was not unconstitutional, and Justice Lyon, in the opinion in that case says, section 7, art. 1 of the constitution, "confers many rights upon a person accused of crime, every one of which he may waive without authority of statute, as has often been judicially determined, except the right to be tried by a jury. Such waiver may be express or it may be by failure to make due objection and exception." He then makes an elaborate enumeration of the many rights conferred which the prisoner may waive, which is worth examination.

In the case of *Stoddard v. State*, 132 Wis. 520, 13 Ann. Cas. 1211, 112 N. W. 453, it was held that, following the same principle, a defendant might waive his right to be present when the verdict was returned, and did so waive it by absenting himself voluntarily from the room when the jury came in.

In view of the foregoing it cannot well be said that the court, by announcing the rule that a defendant may waive his right to enter a plea of guilty in person in a misdemeanor case, would change the law, and invade the legislative field in that regard. The legislature has abrogated the doctrine that arraignment and plea in a criminal case cannot be waived. Our code provides that no indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter or form, which does not tend to the prejudice of a substantial right of the defendant upon its merits (C. S., sec. 8835), and that neither a departure from the form or mode prescribed by the code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right

(C. S., sec. 9191), and we are admonished to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties. (C. S., sec. 9084.)

The power of the court to proceed did not depend upon the personal presence of the accused. Only his right to be present is guaranteed by the constitution and laws, and it is only where steps are taken in the absence of the accused without his consent that his rights are violated.

Conceding as we must, in view of the authorities cited, that many constitutional rights may be waived by the accused, where it appears that he was fully informed as to the charge against him, and of all of the proceedings had, and is not otherwise prejudiced, no substantial right could be denied him by holding that by his acts and conduct he waived the formality of entering his plea of guilty in person, before judgment was pronounced. Mere formal errors and technical objections not affecting any substantial right of the defendant should be disregarded, and we should endeavor, "To adhere to the spirit of the law, which giveth life, rather than to the letter of the law, which killeth."

In this case, appellant having been informed of the charge against him and of his plea of guilty which had been entered thereto by his counsel, stated in open court that he had no legal cause to show why judgment should not be pronounced against him. The only inference which can be drawn from this is that defendant's counsel, in withdrawing the plea of not guilty and entering a plea of guilty, acted under appellant's instructions, and that appellant acquiesced in and approved of his counsel's action in that regard, not only by reason of his statement in open court, but also by reason of the fact that he paid without question the fine imposed by the court.

An examination of the remaining ten assignments of error discloses no error prejudicial to the defendant. The judgment should be affirmed.

LEE, J., Dissenting.—This court, speaking through Budge, C. J., in *State v. Scheminisky,* 31 Ida. 504, 174 Pac. 611, said:

"2. When the statute imposes a higher penalty upon a second conviction, it makes the prior conviction of a similar offense *a part of the description and character* of the offense intended to be punished, and the fact of such prior conviction must be charged and proved.

"3. An indictment or information charging a defendant with being 'a persistent violator' under sec. 19, chap. 11, 1915 Session Laws, must contain a specific averment of the previous conviction, that act constituting an *essential element* of the defense defined by this section."

If this is a correct statement of law applicable to prosecutions for this class of crimes, then a felony charge under this statute makes the record of the former conviction "an essential element," and it is "a part of the description and character" of the felony charge.

The information in this case charges that the defendant, Henry Poynter, "was on March 9th, 1917, in the District Court of the 5th Judicial District of the State of Idaho, in and for Bannock County, convicted upon a plea of guilty of the crime of transporting intoxicating liquors in Bannock County . . . . and that judgment was pronounced thereon on the 9th day of March, 1917, which judgment has never been reversed, annulled or set aside."

In order to sustain this averment in the information, the state offered a record of the same court, of what it claimed was a part of the proceedings of the former case. This record, *inter alia,* recites that the defendant in the case at bar appeared by his counsel and demurred to the information; that the demurrer was overruled; that said counsel on behalf of defendant thereafter entered a plea of *not guilty* to the charge on February 21, 1917; that on February 26th following said counsel again appeared in said court and withdrew the former plea of *not guilty,* and entered a plea of *guilty* on behalf of the defendant; and that on March

9th thereafter a judgment of conviction was entered by the court on the said plea of guilty.

In the trial of the case at bar, the state attempted to identify the defendant in the former case as one and the same person as the defendant on trial, and called the clerk of the court, C. W. Pomeroy, who, in response to a question as to whether the judgment of conviction in the former case was a judgment of conviction against the defendant then on trial, answered: "A. I can't say, for the reason that Mr. Poynter didn't appear. He appeared through his attorney, Mr. Smith."

The state then called the sheriff, who testified to substantially the same state of facts. It is therefore clear from the record in the former case that the first time defendant personally appeared before the court was at chambers, when the judgment of conviction was entered upon the plea of guilty which had been substituted by an attorney for defendant's former plea of not guilty, in his absence, and so far as the record shows, without his knowledge.

A plea of guilty in criminal causes, if accepted and entered by the court, is equivalent to a verdict of guilty after a trial upon a plea of not guilty, and if such plea has been lawfully made, it authorizes the imposition of a judgment of conviction thereon, in the same manner and to the same extent as if the defendant had been regularly tried and found guilty by the verdict of a jury. (8 R. C. L., p. 116.) But a judgment of conviction cannot be entered upon a void plea of guilty, any more than could be done upon a void verdict, or where there was in fact no verdict at all.

C. S., sec. 8879, defines the four kinds of pleas in a criminal cause: (1) Guilty, (2) not guilty, (3) former judgment of conviction or acquittal, (4) once in jeopardy.

C. S., sec. 8880, requires every plea to be oral and to be entered upon the minutes of the court, and if the defendant pleads guilty, it shall be in substantially the following form: "The defendant pleads that he is guilty of the offense charged."

C. S., sec. 8881, provides that: "A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment against a corporation, in which case it may be put in by counsel. The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

These two sections are identical with the corresponding sections of the California Penal Code, which had been construed by the courts of that state long prior to their enactment in this state. In *People v. Thompson*, 4 Cal. 238, that court said:

"These two sections must be construed together. The 299th section, taken by itself, would seem to be a reaffirmance of the common law which required the prisoner to plead in person; the latter section, however, alters this principle, by rendering it unnecessary for the prisoner to be present and plead, *except in case where he pleads guilty*. No inconvenience can result from this construction, or any possible harm to the rights of the prisoner, while the sense of the statute is preserved. 'The plea of not guilty is a denial of every allegation in the indictment.'

"While the law will not allow an attorney or counsel to admit away the life or liberty of a party, there can be no danger in permitting him to plead to the whole charge, and put the state to the proof of the offense."

This provision of our statute, which requires that before there can be a conviction for crime there must be a plea to the indictment or information—that is, that there must be an issue presented—is an age-old requirement of the common law, and has been frequently held by the United States supreme court to be an essential requisite to a compliance with the "due process of law" clause of the federal constitution. Prior to the change made in the criminal procedure by C. S., sec. 8881, a defendant could not plead either guilty or not guilty by counsel, but the legislature, which is vested with power by the constitution to change the law within the limits of that instrument, has modified the pro-

cedure so that counsel may now enter a plea in certain cases, but it expressly prohibits counsel from entering a plea of guilty *in any case,* possibly for the reason suggested in *People v. Thompson, supra,* that counsel should never be permitted to admit away the life or liberty of the subject.

The plea upon which the former judgment of conviction was had having been entered by an attorney in the absence of the defendant, it was in violation of the plain terms of C. S., sec. 8881, and was a nullity as a plea. If this judgment of conviction, as was held in *State v. Scheminisky, supra,* is a part of the description and character of the crime here charged, and is one of the essential elements necessary to be charged and proved before the defendant can be convicted of a felony in case at bar, the record here does not sustain a conviction for felony. In the former case, the attorney being by statute prohibited from entering a plea of guilty for defendant in his absence, no issue was tendered in that case upon which the judgment of conviction could rest, and the same is invalid in so far as it is relied upon to constitute one of the elements of the felony charge in this case.

In *Crain v. United States,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. ed. 1097, Justice Harlan, delivering the opinion of the court which was concurred in by all of the justices except Peckham, said:

"Until the accused pleads to the indictment and thereby indicates the issue submitted by him for trial, there is nothing for the jury to try; and the fact that the defendant did so plead should not be left to be inferred from a general recital in some order that the jury was sworn to try the issue joined. . . . .

"Due process of law requires that the accused plead or be ordered to plead, or in a proper case, that a plea of not guilty be entered for him, before his trial can rightfully proceed. . . . . "

The opinion reviews the authorities at length, all of which hold that without a plea there is nothing to try, and a party

convicted on a verdict under such conditions cannot lawfully be sentenced. Among the authorities so holding are the following: In *Grigg v. People,* 31 Mich. 471, Chief Justice Graves, Justices Cooley and Campbell concurring, said: "An arraignment and plea being imperatively required, a recital of them, if they were taken, was a necessary ingredient of the record." In *Douglass v. State,* 3 Wis. 820, 821, that court said: "A plea and issue is absolutely essential, nor can we supply an issue corresponding to the verdict when the record is entirely silent on the subject." In *People v. Corbett,* 28 Cal. 328, that court said: "A verdict in a criminal case where there has been neither an arraignment or a plea is a nullity, and no valid judgment can be entered thereon." *Sartorious v. State,* 24 Miss. 602, holds that before a party can be put upon his trial he must plead to the indictment. In *Bowen v. State,* 108 Ind. 411, 9 N. E. 378, the court says that it can no longer be recognized as subject to controversy that where the record in a criminal case fails to disclose affirmatively that a plea to the indictment was entered, either by or for the defendant, such record on its face shows a mistrial. In *Aylesworth v. People,* 65 Ill. 301, which was an indictment for a misdemeanor, the court says: "The record should also show that a plea of not guilty was entered. Without it there is nothing for the jury to try." In *Hoskins v. People,* 84 Ill. 87, 25 Am. Rep. 433, *Johnson v. People,* 22 Ill. 314, and *Yundt v. People,* 65 Ill. 372, it was held that without an issue formed, that is, without a plea, there would be nothing to try, and a party convicted could not properly be sentenced. In *State v. Chenier,* 32 La. Ann. 103, the accused was arraigned and his plea entered after the trial had commenced, and the court said: "We cannot sanction such a departure from the ancient landmarks in criminal procedure." In *Ray v. People,* 6 Colo. 231, the defendant not having pleaded to the indictment, the court held that there was nothing to try; if the record failed to show an arraignment and plea prior to trial, the proceedings were a nullity. In *State v.*

*Vanhook*, 88 Mo. 105, that court held that the failure of the record to show a plea was fatal, and it was for the legislature, not the court, to change the law on the subject. To the same effect are *State v. Wilson*, 42 Kan. 587, 22 Pac. 622; *Jefferson v. State*, 24 Tex. App. 535, 7 S. W. 244; *Hicks v. State*, 111 Ind. 402, 12 N. E. 522; *State v. Agee*, 68 Mo. 264; *State v. Saunders*, 53 Mo. 234; 1 Bishop, Crim. Proc., 3d ed., secs. 801 and 733; 1 Wharton, Am. Crim. Law, sec. 530.

In *Hopt v. Utah*, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. ed. 262, the court held: "The public has an interest in the life and liberty of an accused person. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused; much less by his mere failure, when on trial and in custody, to object to unauthorized methods."

In 8 R. C. L., at page 109, it is said: "In every criminal case there must be a plea by the defendant, or the equivalent of one. The purpose of a plea is of course to make an issue. Without an issue there is nothing to be tried, and nothing on which the verdict of a jury or judgment and sentence of a court can properly be predicated." Citing many authorities in support of this proposition.

In *State v. Walton*, 50 Or. 142, 91 Pac. 490, 13 L. R. A., N. S., 811, it is said: "Absence of an opportunity to plead, which by statute is made a part of the arraignment in a prosecution for a felony, the plea also being made essential, is fatal to a conviction, although the accused manifested no desire to enter a plea, and there is nothing to show that he was in any way injured by not being given an opportunity to do so."

This case, and also an extensive note found in the L. R. A., N. S., reviews all of the later authorities on this question, and it would seem that no authority can be found holding that a plea of guilty may be dispensed with or entered by

counsel in the absence of a defendant, where there is a statute similar to the Idaho provision, or where the common-law practice has not been modified by statute.

The several majority opinions reach the conclusion arrived at from widely different points of view, which suggests that it is always difficult for a court to give a satisfactory reason why a perfectly plain statute, which has been in force for more than half a century in this and adjoining states, the validity of which is not questioned, should not be followed by the courts until repealed by the legislature.

The majority opinion, which states the law of the case, holds that this court may assume that the defendant intended to waive, and did waive, the right which this statute gives him to be present in court and plead in person before he can be lawfully convicted of the crime charged, but I think this assumption is not supported either by authority or sound reason, and that courts are not warranted in indulging in assumptions of this character, where it in effect nullifies the plain provisions of a statute.

I have examined the numerous cases cited in another of the concurring opinions, except as to those that are not found in the state library. Some of these cases hold that where a defendant is tried upon the assumption that he has entered a plea of not guilty, although the record fails to disclose that such a plea has been entered, and where none of his rights appear to have been prejudiced by this state of the record, it will be presumed that such a plea was in fact entered. Others hold that where the defendant's counsel has entered a plea of not guilty, and the defendant was subsequently convicted upon the issue thus presented, that after conviction it will be presumed that the entry of the plea was authorized. But none of them hold, and I have not been able to find a case where it has been held, that a defendant may be arraigned, a plea of not guilty entered, and such plea withdrawn by counsel and a plea of guilty entered, all in defendant's absence, as I think the record conclusively shows was done in this case, and the judgment of conviction on such record upheld.

The third majority opinion announces what seems to me to be a still more radical departure from what has generally been held to be the settled rules of criminal procedure, to the effect that if a judgment of conviction for crime is regular upon its face and the court had jurisdiction of the person and subject matter, such judgment is conclusive, and no further inquiry may be had with regard to whether the intermediate proceedings leading up to the conviction had been taken. I think the authorities above cited are a sufficient answer to that contention, but in addition to them attention is directed to the holdings of the United States supreme court in the celebrated case of *Frank v. Mangum*, 237 U. S. 309, 35 Sup. Ct. 582, 59 L. ed. 969. While the majority opinion in that case holds that the facts stated in the petition for a writ of *habeas corpus* were not sufficient to warrant that court in interfering with the judgment of the state court, both opinions are clear to the effect that a judgment of conviction is never conclusive unless the essential procedure necessary to constitute due process of law is complied with. Justice Pitney, speaking for the majority, states: "It results that under the sections cited a prisoner in custody pursuant to the final judgment of a state court of criminal jurisdiction may have a judicial inquiry in a court of the United States into the very truth and substance of the causes of his detention, although it may become necessary to look behind and beyond the record of his conviction to a sufficient extent to test the jurisdiction of the state court to proceed to judgment against him."

Justice Holmes, with whom Justice Hughes concurs, states the same proposition as follows: "The argument for the appellee in substance is that the trial was in a court of competent jurisdiction, and that it retains jurisdiction, although, in fact, it may be dominated by a mob, and that the rulings of the state court as to the fact of such domination cannot be reviewed. . . . . When such a case is presented, it cannot be said, in our view, that the state court decision makes the matter *res judicata*. . . . . The law cuts through all

forms, and goes to the very tissue of the structure. It comes in from the outside, not in subordination to the proceedings, and although every form may have been preserved, opens the inquiry whether they have been more than an empty shell.''

I think it would be very unfortunate for this court to hold that it was powerless to go behind and beyond the mere form of a judgment of conviction in one of the inferior courts, or that it was impotent and helpless to consider the validity of a judgment of conviction for a crime because the court rendering such judgment had jurisdiction of the person and subject matter, and I do not understand that the majority opinion so holds.

Neither can I agree with the majority opinion which, by indulging in the various presumptions and assumptions referred to, in effect nullifies the provisions of C. S., sec. 8881, which provide that ''a plea of guilty can be entered by the defendant himself only in open court.'' If so pronounced a change is to be made in our criminal procedure, it should be done by the legislature and not by the courts.

The judgment of the court below should be limited to the maximum fine and imprisonment provided for misdemeanors of this class, the former conviction relied upon as an essential element of the offense charged in this case to raise it to the grade of a felony not having been established.

(March 27, 1922.)

ON REHEARING.

RICE, C. J.—A petition for rehearing in this case was granted, and the cause has been reargued at this term.

Appellant urged on rehearing that error was committed by the trial court in permitting witnesses for the state, Maybey and Nelson, sheriff and deputy sheriff, respectively, to testify that in a conversation they had with appellant, shortly after his arrest, he did not deny that the whisky

which it was claimed was found in his possession belonged to him.

In the opinion of the writer the admission of this testimony was error. It is the better rule that the silence of a person accused of crime, when under arrest and in custody of the officers of the law, is not admissible in evidence against him. (*Commonwealth v. Kenny,* 12 Met. (Mass.) 235, 46 Am. Dec. 672; *Commonwealth v. Brailey,* 134 Mass. 527; *People v. Pfanschmidt,* 262 Ill. 411, Ann. Cas. 1915A, 1171, 104 N. E. 804; *Towery v. State,* 13 Okl. Cr. 216, 163 Pac. 331, L. R. A. 1917D, 491; *Merriweather v. Commonwealth,* 118 Ky. 870, 4 Ann. Cas. 1039, 82 S. W. 592; *Gardner v. State* (Tex.), 34 S. W. 945.) Even under the broader rule, followed in some jurisdictions, the testimony referred to was not admissible. The witnesses had not accused appellant of being the owner of the liquor said to have been in his possession, or made any other statement which naturally called for a denial upon his part. (16 C. J. 632.)

The error, however, is not reversible. Appellant on direct examination, in response to questions propounded by his counsel, testified that he told Mabey and Nelson that he did not have anything to do with the whisky, and throughout his testimony he denied that it belonged to him. The evidence objected to thus proved to be in anticipation of appellant's defense. The admission of such testimony is largely in the discretion of the trial court. (16 C. J. 867.) If the evidence objected to had not been admitted by the court in the respondent's case in chief, or had been stricken, it would have been properly admitted in rebuttal. The record shows beyond question that the admission of this evidence in chief did not affect appellant's defense, or his manner of presenting it, in any respect.

The other matters urged by appellant do not justify reversal or require further discussion.

The judgment should be affirmed, and it is so ordered.

Budge, J., adheres to the views expressed in his concurring opinion on the original hearing.

McCARTHY, J., Concurring Specially.—For reasons given in the opinion of the Chief Justice on rehearing, the admission of evidence as to appellant's silence could not be ground for reversal. I see no need of announcing in this case a general rule as to the admissibility of evidence of the silence of one under arrest. I concur in the affirmance of the judgment.

Dunn, J., concurs in the views above expressed by Justice McCarthy.

LEE, J., Dissenting.—Upon rehearing, appellant's counsel stated, and the statement is supported by the record, that the former judgment of conviction, as well as the plea of guilty upon which it was founded, and which judgment is the basis of this felony charge, was entered in the absence of defendant, and I therefore adhere to my view that the errors pointed out in the majority opinions were not waived, that they are prejudicial, and that the cause should be reversed.