## Williams v. Commonwealth.

## Same v. Same.

(Decided April 25, 1924.)

## Appeals from Carter Circuit Court.

Criminal Law—Court Cannot Refuse Counsel Privilege of Entering Plea of Not Guilty for Absent Defendant.—A trial judge may not in a misdemeanor case, when the defendant is absent in person but present by counsel, refuse his counsel the privilege of entering a plea of not guilty on behalf of his client, even though defendant is guilty of contempt of court in breaking jail and running away, in view of Criminal Code of Practice, sections 172, 173.

JAMES A. WILLIAMS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Appellant, Bill Williams, was indicted twice in the
Carter circuit court, once for shooting upon a public
highway, and a second time for flourishing a deadly
weapon, both misdemeanors. Before the indictments were
returned appellant had been arrested and convicted on a
charge of violating the prohibition laws and was serving
a term in the county jail. When process was issued upon
the indictment the sheriff served it on the appellant at the
jail. The cases were set for the sixth day of the term.
Before the day of trial arrived appellant broke jail and
ran away. When the cases were called for trial counsel
offered a plea of not guilty for appellant Williams, but
the trial judge, conceiving that appellant was in contempt
of court in breaking jail, refused to allow the plea to be
entered, and directed that the indictment be taken for
true against appellant, which was done. A jury was im-
paneled in each case and instructed by the court to find
the defendant guilty and fix his punishment as set out in
the statutes. Following the instructions of the court the
jury returned a verdict finding defendant guilty in each
case and fixing his punishment in each case at a fine of
$100.00 and thirty days in jail, upon which judgments
were entered. These are the judgments from which he
appeals.

The question presented by the appeal is, may a
trial judge in a misdemeanor case, when the defendant
is absent in person but present by counsel, refuse his
counsel the privilege of entering a plea of not guilty on
behalf of his client?

Our Criminal Code provides by section 172 that a
defendant may enter one of three pleas: (1) guilty;
(2) not guilty, and (3) former conviction or acquittal of
the offense charged. The defendant alone may plead
guilty. Criminal Code, section 173. Counsel cannot
enter such a plea for his client, but may in the absence
of the defendant plead not guilty for his client, or enter
a plea of former conviction or acquittal. A defendant in
a misdemeanor case may be tried though absent. Com-
monwealth v. Neat, 89 Ky. 241.

We cannot conceive how a defendant may be de-
prived of his plea of not guilty. Where a defendant is
charged by indictment of the commission of a public

offense he is required to plead; or, of he fails to do so the court will enter a plea of not guilty for him. Even though a defendant is in contempt of court he is not beyond the pale of the law but may enter his plea of not guilty even to the charge of contempt, or plead not guilty to any other charge against him when the court calls the case for trial.

In the case of Johnson v. Commonwealth, 1 Duval 244, we said:

> "These various provisions of the Criminal Code clearly secure to the defendant the right of trial without being present, and, by necessary implication, the right to put in any plea save that of guilty. His pleas may be put in and defense conducted by counsel, without his presence; and this right cannot be taken from him by requiring bail."

We know of no way of depriving a defendant of the right to plead not guilty to an indictment. In fact the law appears to require him to plead, leaving to him the right to elect what kind of plea he will enter. Clearly the trial court erred in denying appellant the right by counsel to plead not guilty to the two indictments under consideration. Judgment reversed for new trial.

Judgment reversed.